PEOPLE v. PATON.

1. CRIMINAL LAW—PROOF REQUIRED TO SHOW CORPUS DELICTI.
   The *corpus delicti* must be proved without the aid of the confession but such proof may be made by circumstantial evidence.

2. SAME—CORPUS DELICTI—BREAKING AND ENTERING IN NIGHTTIME—EVIDENCE.
   *Corpus delicti* of crime of breaking and entering a store in the nighttime with intent to commit larceny *held*, established by evidence that caretaker of tavern was awakened by voices, ordered to "stick 'em up," reached for his revolver, three men departed through lavatory window, sheriff was notified, attempted robbery broadcasted, a short time later defendants were arrested while driving at a high rate of speed on road on which tavern was located, crowbar was found in such car and lock on window involved was found on floor, window had been pried up by a bar and was only way men could have entered the building (Act No. 328, § 110, Pub. Acts 1931).

3. SAME—TERM OF SENTENCE—STATUTES.
   Sentence in accordance with term prescribed for offense of which appellants were charged and convicted *held*, of proper length (Act No. 328, § 110, Pub. Acts 1931).

Appeal from Wayne; Moll (Lester S.), J. Submitted April 14, 1938. (Docket No. 120, Calendar No. 39,899.) Decided June 6, 1938. Rehearing denied October 3, 1938.

John W. Paton, Joseph Faber and Delby H. Rudolph were convicted of breaking and entering in the nighttime with intent to commit larceny. Paton and Faber appeal. Affirmed.

*Samuel Reiss* (*Maurice D. Smilay*, of counsel), for appellants.

*Raymond W. Starr*, Attorney General, *Duncan C. McCrea*, Prosecuting Attorney, and *William L.*

*Brunner,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. Defendants were convicted upon an information charging them with breaking and entering a store in the nighttime with intent to commit larceny. It appears that shortly after midnight on August 12, 1937, the Penmar Tavern, owned by Joseph C. Howard and located on Plymouth road, was broken into by three men. The caretaker, DiMattia, was awakened by the entry of the men, but they fled as DiMattia reached for his revolver. DiMattia then telephoned the sheriff's department and informed them of the breaking and entering. Between the hours of 4 and 4:30 a. m. of August 12th, the defendants, while traveling in an automobile at a high rate of speed, were arrested on Plymouth road. The car driven by defendants contained a crowbar, which is sometimes termed a burglary tool. Subsequent to the arrest, defendants made several statements to police officers and the prosecuting attorney in which they admitted the breaking and entering of Penmar Tavern.

Defendants John W. Paton and Joseph Faber appeal and contend that the trial court was in error in allowing evidence to be introduced relative to certain confessions of the defendants.

The general rule is the *corpus delicti* must be proved without the aid of the confession, *People* v. *Kirby,* 223 Mich. 440, but such proof may be made by circumstantial evidence, *Peterson* v. *Oceana Circuit Judge,* 243 Mich. 215.

The proof offered by the people to establish the *corpus delicti* was as follows:

Joseph C. Howard was the owner of the tavern in question. Early in the morning of August 12, 1937, the caretaker of the tavern was awakened by

voices and was immediately ordered to "stick 'em up." He then reached for his revolver and as he did so the three men left the building through the men's lavatory window. The sheriff was notified, the attempted robbery was broadcasted; and a short time later John W. Paton, Joseph Faber and Delby Rudolph were arrested while driving at a high rate of speed on Plymouth road. A crowbar was found in defendants' car.

The caretaker testified that the premises were closed between the hours of 1:30 and 2 a. m., of August 12, 1937; that the only window left open was one in the store room which was covered by an outside screen which was later found to be not broken; that before he retired for the night, he locked all doors; that the only way the men could enter the building was through the lavatory window; that this window would not stay raised; and that after the men ran out he heard the window come down. A deputy sheriff testified that he responded to the call which he received about 4:10 a. m., and found the window lock lying on the floor below the window; and that there were marks which would indicate that a bar had been used to pry up the window.

In our opinion the trial court was justified in finding that the *corpus delicti* had been proved. There was evidence to sustain such a finding.

Defendants also raise a question as to the length of the sentence. The term of sentence for such offenses may be found in Act No. 328, § 110, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 17115–110, Stat. Ann. § 28.305). The sentence was in accordance with the above statute.

The judgment of the trial court is affirmed.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.