PEOPLE *v.* COMMACK.

1. RAPE—STATUTORY RAPE—AGE OF CONSENT.
   The age of consent is a material element of the charge of statutory rape (Act No. 328, § 520, Pub. Acts 1931).

2. SAME—AGE OF CONSENT—EVIDENCE—QUESTION OF FACT.
   Where there was conflicting evidence as to whether or not defendant's daughter, upon whom he is alleged to have committed statutory rape, was above or below the age of consent, a question of fact was presented (Act No. 328, § 520, Pub. Acts 1931).

3. CRIMINAL LAW—STATUTORY RAPE—SENTENCE.
   Imposition of sentence of 20 to 40 years upon defendant convicted of statutory rape upon his own daughter was not cruel and unusual punishment as claimed by defendant (Act No. 328, § 520, Pub. Acts 1931).

4. SAME—RECORD ON APPEAL—CONSTITUTIONAL LAW—FRAUD UPON COURT.
   Examination of transcript of testimony, certified record and supplemental record in prosecution of defendant for statutory rape upon his own daughter, in which his attorney withdrew because he did not wish to become a party to a fraud upon the court *held,* not to have disclosed a denial of any civil or constitutional rights nor that defendant was convicted on coerced or perjured testimony as claimed (Act No. 328, § 520, Pub. Acts 1931).

5. SAME—NEW TRIAL—DISCRETION OF COURT.
   Under record presented on leave granted in prosecution for statutory rape upon defendant's own daughter, trial court *held,* not to have abused discretion in denying new trial (Act No. 328, § 520, Pub. Acts 1931).

Appeal from Macomb; Spier (James E.) and Noe (Alton H.), JJ. Submitted January 16, 1947.

(Docket No. 80, Calendar No. 42,966.)     Decided
April 17, 1947.   Certiorari denied by the Supreme
Court of the United States June 16, 1947.

Earl Commack, alias Jack McCormick, was con-
victed of statutory rape.   Affirmed.

*Earl Commack, alias Jack McCormick, in pro. per.*

*Eugene F. Black,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, *Daniel J. O'Hara,* As-
sistant Attorney General, *John E.. Merrill,* Prose-
cuting Attorney and *George F. Roberts,* Assistan·
Prosecuting Attorney, for the people.

BUSHNELL, J.   This is an appeal on leave granted
from a sentence imposed by the circuit court of
Macomb county, and from an order denying defend-
ant's motion for new trial.

Earl Commack, sometimes known as Jack McCor-
mick, was convicted in 1940 by a jury, of the offense
of statutory rape.   Section 520 of the penal code,
Act No. 328, Pub. Acts 1931 (Comp. Laws Supp.
1940, § 17115–520, Stat. Ann. § 28.788).   The informa-
tion charged that the offense was committed on Jan-
uary 18, 1940, against one Betty McCormick, a
female person under the age of 16 years.   The
proofs show that Betty is the daughter of the de-
fendant.   After conviction, Commack was sentenced
to serve not less than 20 nor more than 40 years in
the State prison.   Being without funds, he was rep-
resented at the trial by counsel appointed by the
court.   Later, Commack, through counsel of his own
selection, filed various petitions and motions in the
circuit court and in this Court, all of which were
denied.

On February 10, 1944, he filed a petition for leave
to file a motion for new trial on the ground of newly

discovered evidence, namely, that his daughter, Betty, was born on February 18, 1923, which would make her age more than 16 at the time the offense was charged. He appeared in this matter before the circuit judge through another counsel, and the petition for leave to file a motion for new trial was heard and denied on February 21, 1944. He then, through still another attorney, sought leave to appeal. The solicitor general, after considering the matter, recommended to this Court that, because of the circumstances, the relief sought should not be opposed by the State. A delayed appeal was granted by this Court on January 3, 1945. Defendant then filed his claim of appeal and the settled record was transmitted to this Court, together with the circuit court file. We have also been furnished with a transcript of the testimony.

Counsel's brief in defendant's behalf so challenged the attention of this Court and the solicitor general that an order was entered on June 4, 1945, continuing the cause over the term, "for the purpose of taking a deposition from Dr. W. Wilson Lynd of Ironton, Ohio, and such other witnesses as the parties to this cause deem necessary to be submitted to the Honorable Alton H. Noe, circuit judge for the county of Macomb, for certification to this Court as an amended record."

This amended record shows that George F. Roberts, an assistant prosecuting attorney of Macomb county, accompanied by John L. Potter, defendant's counsel, went to Ironton, Ohio, interviewed Dr. Lynd, and thoroughly investigated the date of birth of Betty Commack. There was on file in the vital statistics division of the Ohio department of health a delayed certificate, which was received and filed on August 12, 1942. It was signed by Helen P. Clark, probate judge of Lawrence

county, Ohio, and shows the birth of Elizabeth Car-
mack as February 18, 1923. Attached to the con-
cise statement of facts as settled by Honorable
Alton H. Noe, circuit judge, on April 3, 1945, is an
affidavit of Dr. Lynd, executed on September 18,
1943, which confirms the date in the birth certificate
filed in 1942.

The amended record in this cause contains, in ad-
dition to the testimony of prosecutor Roberts, a cer-
tified photostatic copy of an original birth certificate
filed on January 31, 1924, in the vital statistics bu-
reau of the Ohio department of health. This certifi-
cate, signed by Dr. Lynd, shows that Mary Elizabeth
Cammack, the daughter of Earl James Cammack
and Hannah Wilson Cammack, was born in the
city of Ironton, Ohio, on January 29, 1924. There is
also in the amended record an affidavit executed by
Dr. Lynd on October 18, 1945, in which he refers
to the conflicting certificates of birth and the affi-
davit given to the probate judge of Lawrence county,
Ohio. In this last instrument, executed by Dr. Lynd,
he indicates that he will make an effort to ascertain
from his office records "which is the correct date of
the delivery of this female child known as Elizabeth
Cammack or Commack."

As a result of the investigation by the prosecutor
and Commack's then attorney, his counsel sought
permission from this Court to be relieved from fur-
ther responsibility in the matter, assigning the fol-
lowing reasons:

"1. That your petitioner was retained by the de-
fendant under certain representations and upon
your petitioner's investigations, and after the ap-
peal had been filed, your petitioner learned that
such representations were false.

"2. That your petitioner is of the opinion that
the defendant in the above captioned cause wilfully

withheld material facts from your petitioner and that such facts, had they been known to petitioner, would have resulted in your petitioner refusing to undertake to represent the defendant in his appeal.

"3. That your petitioner cannot continue to represent the defendant in the above captioned cause for the reason that he does not wish to become a party to a fraud upon the court.

"4. That the appellant has advised your petitioner that he is going to represent himself in any further appearances before the court."

Since the filing of this petition, Commack has acted as his own lawyer and has filed numerous papers in this Court in which he protests his innocence of the charge of statutory rape and denies any perpetration of fraud.

We are satisfied from the records and file in this cause that Mary Elizabeth, sometimes known as Betty McCormick, Cammack or Commack, was under the age of 16 at the time of the original offense with which defendant was charged. Defendant testified in his own behalf at the trial. He said his name was Jack McCormick, but that he was married under the name of Earl Carmack; that he was born in Columbus, Ohio, married his wife in Ironton, having met her there in 1923, and that when Betty was born in 1924 (sic) he was working at the Ford Motor Company in Detroit, and that he had used the name of McCormick since coming to Detroit, the latter part of 1923 or the early part of 1924. He further testified that his mother's name was Cora Commack, the name being spelled in several ways, Commack or Cammack, that when married his name was incorrectly written as Carmack, and that he was known in the Navy as Jack McCormick. Further discussion of the many papers in the file before us and elaboration of the facts seem unnecessary.

The question of the date of birth of Betty is one of fact, and that of age of consent is a material element of the statutory offense.

The sentence imposed was within the statutory limits and is not, as claimed by defendant, "cruel, inhuman and unjust punishment" in view of the nature of the crime charged. The various errors assigned in defendant's brief have been examined and are found to be without merit.

Appellant has not been denied any civil or constitutional rights, nor was he convicted on coerced and perjured testimony as claimed by him.

We have examined the transcript of testimony, the certified record and supplemental record, and find that Commack had a fair and impartial trial. We have also considered his argument that, "If the allegations had been true, the proper charge would be 'bastardy' or 'incest' and not rape."

The trial judge did not abuse his discretion in denying defendant's motion for new trial. The judgment of the trial court is affirmed.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. DETHMERS, J., did not sit.