PEOPLE *v* LORENTZEN

OPINION OF THE COURT

1. CONSTITUTIONAL LAW—CRUEL AND UNUSUAL PUNISHMENT—CRUEL
   OR UNUSUAL PUNISHMENT—EXCESSIVE IMPRISONMENT.

   The United States Constitution prohibits cruel *and* unusual
   punishment and the Michigan Constitution prohibits cruel
   *or* unusual punishment; the prohibition of punishment that
   is unusual but not necessarily cruel carries an implication
   that unusually excessive imprisonment is included in that
   prohibition (US Const, Am VIII; Const 1963, art 1, § 16).

2. CRIMINAL LAW—SENTENCE—CONSTITUTIONAL LAW—CRUEL AND
   UNUSUAL PUNISHMENT.

   The dominant test of cruel and unusual punishment is that the
   punishment is in excess of any that would be suitable to fit
   the crime; other standards or tests are also applicable but,
   clearly, both the United States Supreme Court and the Mich-
   igan Supreme Court have equated an *excessive* sentence with
   one that is cruel or unusual (US Const, Am VIII; Const 1963,
   art 1, § 16).

3. POISONS — STATUTES — MARIHUANA — SENTENCES — PROPOR-
   TIONALITY TEST.

   Tested by the provisions of other Michigan statutes dealing with
   offenses involving the sale of various substances, or with
   offenses against persons or with the provisions of the Con-
   trolled Substances Act of 1971, effective April 1, 1972, the

REFERENCES FOR POINTS IN HEADNOTES

[1-5, 8-10]  21 Am Jur 2d, Criminal Law § 610 *et seq.*
   Comment Note.—Length of sentence as violation of constitu-
   tional provisions prohibiting cruel and unusual punishment.
   33 ALR3d 335.
[6]  21 Am Jur 2d, Criminal Law §§ 540, 581, 592, 614.
[7]  21 Am Jur 2d, Criminal Law § 590 *et seq.*
[11-14]  21 Am Jur 2d, Criminal Law §§ 14 *et seq.*, 95.
   25 Am Jur 2d, Drugs, Narcotics, and Poisons § 16 *et seq.*

present mandatory minimum sentence of 20 years for the sale of marihuana clearly fails to meet the test of proportionality to the crime (MCLA 335.152, 335.301 *et seq.*).

4. CRIMINAL LAW—CONSTITUTIONAL LAW—CRUEL AND UNUSUAL PUNISHMENT—DECENCY TEST.

The decency test of cruel and unusual punishment, of necessity, looks to comparative law for guidelines in determining what penalties are widely regarded as proper for the offense in question (US Const, Am VIII).

5. POISONS—MARIHUANA—CRIMINAL LAW—SENTENCES—CONSTITUTIONAL LAW—CRUEL AND UNUSUAL PUNISHMENT.

A 20-year mandatory minimum sentence for first offenders dispensing marihuana does not meet the evolving standards of the decency test for cruel and unusual punishment (US Const, Am VIII; MCLA 335.152).

6. CRIMINAL LAW—INDETERMINATE SENTENCES—REHABILITATION—CONSTITUTIONAL LAW.

Michigan has long recognized rehabilitative considerations in criminal punishment by sanctioning indeterminate sentences and such sentences are provided for in the Michigan Constitution (Const 1963, art 4, § 45).

7. CRIMINAL LAW—CRIMINAL PENALTIES—REHABILITATION.

The test of rehabilitation in criminal punishment looks to a consideration of the modern policy factors underlying criminal penalties—rehabilitation of the individual offender, society's need to deter similar proscribed behavior in others, and the need to prevent the individual offender from causing further injury to society.

8. POISONS — MARIHUANA — SENTENCES — STATUTES — CONSTITUTIONAL LAW—CRUEL AND UNUSUAL PUNISHMENT—CRUEL OR UNUSUAL PUNISHMENT.

Under each test to determine whether the minimum statutory penalty of 20 years, as it pertains to the sale of cannabis sativa, violates the United States constitutional prohibition against cruel and unusual punishments and the Michigan constitutional provision against cruel or unusual punishment, the minimum mandatory penalty of the statute fails and, where the defendant was convicted of the unlawful sale of marihuana under that statute, the sentence should be vacated and the cause remanded for resentencing (US Const, Am VIII; Const 1963, art 1, § 16; MCLA 335.152).

9. CRIMINAL LAW—SENTENCES—NON-VIOLENT CRIME.

A compulsory prison sentence of 20 years for a nonviolent crime imposed without consideration for defendant's individual personality and history is so excessive that it "shocks the conscience".

OPINION CONCURRING IN PART, DISSENTING IN PART

T. G. KAVANAGH, J.

10. POISONS—MARIHUANA—SENTENCE—MINIMUM SENTENCE—CRUEL AND UNUSUAL PUNISHMENT.

*The mandatory 20-year minimum sentence for sale of marihuana is invalid as cruel and unusual punishment (MCLA 335.152).*

11. POISONS—MARIHUANA—STATUTES—CONSTITUTIONAL LAW.

*Defendant's conviction for sale of marihuana should be set aside and his discharge should be ordered because the statute under which he was convicted is constitutionally defective (MCLA 335.152).*

12. POISONS—MARIHUANA—CONSTITUTIONAL LAW—POSSESSION OF MARIHUANA.

*The government has no constitutional authority to proscribe possession and private use of marihuana; the right to possess and use something, however, has little meaning unless one also has the right to acquire it, and hence proscription of sale cannot be reconciled with a right to possess and use.*

13. POISONS—MARIHUANA—REGULATION—STATUTES—SALE OF MARIHUANA—PRIVACY, RIGHT OF—PURSUIT OF HAPPINESS.

*Some public interest may be served by the regulation of traffic in marihuana, but a statute which absolutely forbids the sale of marihuana is as offensive to the right of privacy and the pursuit of happiness as a statute which forbids its possession and use.*

OPINION CONCURRING IN PART, DISSENTING IN PART

WILLIAMS, J.

See Headnote 10.

14. POISONS—MARIHUANA—STATUTES—SENTENCE.

*Defendant's conviction for unlawful sale of marihuana should be set aside and his discharge ordered because the statute on which sentence would be based is invalid (MCLA 335.152).*

Appeal from Oakland, James S. Thorburn, J., and from Court of Appeals prior to decision. Submitted December 9, 1971. (No. 12 December Term 1971, Docket No. 53,200.) Decided March 9, 1972. Rehearing denied April 10, 1972.

Eric Lorentzen was convicted of making an unlawful sale of marihuana. Defendant appealed to the Court of Appeals. The Supreme Court, *sua sponte,* granted leave to appeal prior to decision by the Court of Appeals. Sentence vacated and cause remanded to trial court for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Philo, Maki, Ravitz, Jobes, Cockrel & Robb,* for defendant.

ADAMS, J. Eric Lorentzen, charged with making an unlawful sale of marijuana, was arrested on November 20, 1969. He was 23 years old, living with his parents, employed at General Motors, and had no prior criminal convictions. Defendant moved to quash the information on the grounds that the statute[1] penalizing the unlicensed sale, dispensation or otherwise giving away of any quantity of marijuana with a mandatory minimum prison sentence of 20

---

[1] MCLA 335.152; MSA 18.1122, punishes the sale, manufacture, production, administration, dispensation or prescription of any narcotic drug:

"Any person not having a license under the provisions of Act No. 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive, of the Compiled Laws of 1948, who shall sell, manufacture, produce, administer, dispense or prescribe any narcotic drug shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for a term of not less than 20 years nor more than life."

years, violates the equal protection, due process and right to privacy guarantees of the United States and the Michigan Constitutions and also constitutes cruel and unusual punishment in violation of both constitutions. The motion was denied.

Lorentzen was convicted in a trial by jury and was sentenced to imprisonment for 20 to 21 years. His motion for appeal bond was denied. Upon appeal to the Court of Appeals, that Court also denied bond pending appeal. Lorentzen appealed that denial to this Court. We ordered the Oakland County Circuit Court to admit him to $2,500 bail pending appeal and *sua sponte* granted leave to appeal prior to decision by the Court of Appeals. (384 Mich 806.)

In *People* v *Sinclair*, 387 Mich 91 (1972), decided this same day, the equal protection, due process and right to privacy issues raised by defendant are considered. None of these issues are decided by a majority of this Court favorably to defendant. In this opinion, we consider only Lorentzen's claim that the statute, by providing a mandatory minimum of 20 years' imprisonment for the sale of "narcotics," violates the United States and the Michigan constitutional prohibitions against cruel and unusual punishment.[2]

## I.  *Cruel and Unusual Punishment— Applicable Constitutional Tests*

### (a) *Proportionate to the Crime*

The US Const, Am VIII, prohibits cruel *and* unusual punishments. The Michigan Constitution,

---

[2] US Const, Am VIII:

"Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted.*"

Const 1963, art 1, § 16:

"Excessive bail shall not be required; excessive fines shall not be imposed; *cruel or unusual punishment shall not be inflicted;* nor shall witnesses be unreasonably detained." (Emphasis added.)

art 1, § 16, prohibits cruel *or* unusual punishment.[3] The prohibition of punishment that is unusual but not necessarily cruel carries an implication that unusually excessive imprisonment is included in that prohibition.

In *Weems* v *United States,* 217 US 349; 30 S Ct 544; 54 L Ed 793 (1910), a Philippine statute with a minimum sentence of 12 years at hard and painful labor with additional civil disabilities for making false entries in official documents was held to violate the prohibition against cruel and unusual punishments. Justice McKenna, speaking for the majority, asserted that in America "it is a precept of justice that punishment for crime should be graduated and proportioned to offense." (p 367.)

Justice McKenna cited with approval the dissent in the earlier case of *O'Neil* v *Vermont,* 144 US 323; 12 S Ct 693; 36 L Ed 450 (1892), and analyzed that case as follows (p 371):

"In *O'Neil* v. *Vermont,* 144 U.S. 323, the question was raised but not decided. The reasons given for this were that because it was not as a Federal question assigned as error, and, so far as it arose under

[3] The history of constitutional language banning "cruel *or* unusual punishment," as distinguished from "cruel *and* unusual punishment," can be traced back to the Northwest Ordinance 1787. Art II provides in pertinent part:

"All fines shall be moderate; and no cruel *or* unusual punishments shall be inflicted." (Emphasis added.)

The 1835 Michigan Constitution phrased the restriction differently. Art 1, § 18, provided:

"Excessive bail shall not be required; excessive fines shall not be imposed; and cruel and unjust punishments shall not be inflicted."

But the 1850 Michigan Constitution returned to the phraseology of the Northwest Ordinance. Art 6, § 31, provided:

"Excessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted, nor shall witnesses be unreasonably detained."

The 1850 phraseology was repeated verbatim in the 1908 Michigan Constitution, art 2, § 15, and again in the 1963 Michigan Constitution, art 1, § 16.

the constitution of Vermont, it was not within the province of the court to decide. Moreover, it was said, as a Federal question, it had always been ruled that the Eighth Amendment of the Constitution of the United States did not apply to the States. Mr. Justice Field, Mr. Justice Harlan and Mr. Justice Brewer were of the opinion that the question was presented, and Mr. Justice Field, construing the clause of the Constitution prohibiting the infliction of cruel and unusual punishments, said, the other two justices concurring, that the inhibition was directed, not only against punishments which inflict torture, 'but against all punishments which by their excessive length or severity are greatly disproportioned to the offenses charged.' He said further: 'The whole inhibition is against that which is excessive in the bail required or fine imposed, or punishment inflicted.' "

The *Weems* Court concluded as to the punishment in question that (p 377):

"It is cruel in its excess of imprisonment and that which accompanies and follows imprisonment. It is unusual in its character. Its punishments come under the condemnation of the bill of rights, both on account of their degree and kind. And they would have those bad attributes even if they were found in a Federal enactment and not taken from an alien source."

Michigan cases dealing with the issue of cruel or unusual punishment hold that if the sentence is not in excess of the statute, this Court has no control over the punishment inflicted. *Cummins* v *People,* 42 Mich 142 (1879); *Luton* v *Circuit Judge,* 69 Mich 610 (1888); *People* v *Morris,* 80 Mich 634 (1890); *People* v *Whitney,* 105 Mich 622 (1895); *People* v *Cook,* 147 Mich 127 (1907); *People* v *Jagosz,* 253 Mich 290 (1931); *People* v *Paton,* 284 Mich 427

(1938); *People* v *Harwood,* 286 Mich 96 (1938); *People* v *Commack,* 317 Mich 410 (1947); *In re Doelle,* 323 Mich 241 (1948); *In re DeMeerleer,* 323 Mich 287 (1948); *People* v *Connor,* 348 Mich 456 (1957); and *People* v *Krum,* 374 Mich 356 (1965).

Other cases dismiss the matter with the assertion that "cruel or unusual" is synonymous with something inhumane or barbarous. See, for instance, *In re Ward,* 295 Mich 742 (1940); *People* v *Sarnoff,* 302 Mich 266 (1942). Still others are content to dismiss the matter with the simple assertion that the legislature has the exclusive power to determine the length of imprisonment for a felony. See, for instance, *People* v *Smith,* 94 Mich 644 (1893); *In re Callahan,* 348 Mich 77 (1957).

In the early case of *Robison* v *Miner,* 68 Mich 549 (1888), the question is given more searching attention. In *Robison,* a statute provided that a druggist convicted of a violation of the liquor law, upon a subsequent conviction, could not operate a business for five years. This Court, after discussing the earlier concepts of cruel and unusual punishments, went on to say (p 563):

"It is equally clear that any fine or penalty is excessive which seriously impairs the capacity of gaining a business livelihood. *The penalties in this act, which are imperative and not discretionary, must necessarily break up business, and are not measured by any standard of proportion or amount.*" (Emphasis added.)

In *People* v *Murray,* 72 Mich 10 (1888), a new trial was granted because of trial errors but this Court also addressed itself to the severity of the sentence imposed. A young defendant was convicted of rape of a girl under 14 and sentenced to 50 years. This Court said (p 17):

"But the Constitution has not left the liberty of the citizen of any state entirely to the indiscretion or caprice of its judiciary, but enjoins upon all that unusual punishments shall not be inflicted. Where the punishment for an offense is for a term of years, to be fixed by the judge, it should never be made to extend beyond the average period of persons in prison life, which seldom exceeds 25 years.

"We are all of opinion that the present case shows an abuse of the discretion vested by the statute in the circuit judge in this respect."

See, also, *People* v *Armstrong,* 73 Mich 288 (1889).

In *People* v *Morris,* 80 Mich 634 (1890), where the provisions in a statute against horse stealing provided for a greater punishment than in the larceny statute for stealing goods of the same value, this Court rejected the proposition that cruel and unusual punishment constituted punishment out of proportion to the offense. Nevertheless, it applied that test but concluded horse stealing was a worse crime than a common everyday larceny and, therefore, deserved a greater punishment.

In *People* v *Mire,* 173 Mich 357, 361 (1912), in considering the constitutionality of a statute which provided for imprisonment for "not less than 15 years nor more than 30" for "burglary with explosives," this Court said:

"Approaching the dividing line, the inquiry as to what does in any particular case constitute cruel and unusual punishment under the constitutional provisions, turns, not only upon the facts, circumstances, and kind of punishment itself, *but upon the nature of the act which is to be punished.*" (Emphasis added.)

This Court concluded (p 362):

"We are not prepared to hold that the punishment prescribed in this act does not fit the crime, or that *the minimum punishment, which is the test,* should be regarded as so unusual and cruel, and so disproportionate to the offense as to shock the moral sense of the public." (Emphasis added.)

The following Michigan cases either directly or by inference apply the test of proportionality to the sentence imposed: *People* v *Huntley,* 112 Mich 569 (1897); *People* v *Dumas,* 161 Mich 45 (1910); *People* v *Cramer,* 247 Mich 127 (1929); *Steele* v *Sexton,* 253 Mich 32 (1931); *In re Southard,* 298 Mich 75 (1941).

It will be seen from the above discussion of the leading United States Supreme Court case and cases decided by this Court that the dominant test of cruel and unusual punishment is that the punishment is in excess of any that would be suitable to fit the crime. As we shall see, other standards or tests are also applicable but, clearly, both the United States Supreme Court and this Court have equated an *excessive* sentence with one that is cruel or unusual.

The statute challenged here provides for a minimum penalty of 20 years' imprisonment and allows for a sentence up to life imprisonment. The provision is equally applicable to a first offender high school student as it is to a wholesaling racketeer. The statute makes no provision for different penalties when different quantities of the drug are involved. See, *In the Matter of Andrew Frazee,* 63 Mich 396 (1886).

By way of comparison, the following crimes involve sale of harmful substances to others:

The maximum penalty for unauthorized sale of drugs to procure an abortion is 90 days;[4] the same

---

[4] MCLA 750.15; MSA 28.205.
MCLA 750.504; MSA 28.772.

for adulterating food;[5] 5 years for the sale of explosives;[6] 10 years for placing pins, needles, razor blades, glass or other harmful objects in food;[7] manufacturing, selling or possessing a machine gun, 5 years.[8]

The maximum sentences for the following crimes involving harm to people should also be noted:

Manslaughter, 15 years;[9] carrying a firearm with unlawful intent, 5 years;[10] assault with intent to do great bodily harm less than murder, 10 years;[11] assault with intent to maim, 10 years;[12] felonious assault with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon, 4 years;[13] assault and infliction of serious or aggravated injury, 1 year;[14] assault and battery, 90 days;[15] exposing a child with intent to injure or abandon, 10 years;[16] negligent homicide by operation of a motor vehicle, 2 years;[17] cruelty to children, 4 years;[18] indecent liberties by one over 16 with one under 16, 10 years;[19] second-degree murder,[20] kidnapping,[21] or rape,[22] "for life, or any term of years".

---

5 MCLA 289.710; MSA 12.933(10).
  MCLA 750.504; MSA 28.772.
6 MCLA 750.211; MSA 28.408.
7 MCLA 750.397a; MSA 28.629(1).
8 MCLA 750.224; MSA 28.421.
9 MCLA 750.321; MSA 28.553.
10 MCLA 750.226; MSA 28.423.
11 MCLA 750.84; MSA 28.279.
12 MCLA 750.86; MSA 28.281.
13 MCLA 750.82; MSA 28.277.
  MCLA 750.503; MSA 28.771.
14 MCLA 750.81a; MSA 28.276(1).
15 MCLA 750.81; MSA 28.276.
  MCLA 750.504; MSA 28.772.
16 MCLA 750.135; MSA 28.330.
17 MCLA 750.324; MSA 28.556.
18 MCLA 750.136; MSA 28.331.
  MCLA 750.503; MSA 28.771.
19 MCLA 750.336; MSA 28.568.
20 MCLA 750.317; MSA 28.549.
21 MCLA 750.349; MSA 28.581.
22 MCLA 750.520; MSA 28.788.

The Michigan legislature has recognized the excessive severity of the narcotic drug act by 1971 PA 196; MCLA 335.301–335.367; MSA 18.1070(1)–18-.1070(67), the "Controlled Substances Act of 1971," which drastically reduces the penalties for all drug offenses effective April 1, 1972. The maximum penalty for the first offense dispensation or sale of marijuana under the Controlled Substances Act will be four years' imprisonment.[23] In addition, the act provides for review and commutation of excessive sentences (ch 6, § 61[1]):

"Within 6 months after the effective date of this act, the parole board shall review the sentences of all persons who, on the effective date of this act, are serving sentences imposed for violation of offenses similar to those set out in chapter 4 and shall forward its recommendations to the governor with respect to commutation of such sentences."

Tested by the provisions of other Michigan statutes dealing with offenses involving the sale of various substances, or with offenses against persons or property, or with the provisions of the Controlled Substances Act of 1971, the present mandatory minimum sentence for the sale of marijuana of the Michigan statute here under consideration clearly fails to meet the test of proportionality.

(b) *Evolving Standards*

In *Weems,* the United States Supreme Court said the definition of cruel and unusual punishment is progressive and "is not fastened to the obsolete but may acquire meaning as public opinion becomes enlightened by a humane justice." (p 378.) More recently, this was reiterated by the United States Supreme Court in *Trop* v *Dulles,* 356 US 86, 101; 78 S Ct 590; 2 L Ed 2d 630 (1958), where the Court

___

[23] 1971 PA 196, ch 4, § 41(c); MCLA 335.341(c); MSA 18.1070 (41).

stated: "The Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society."

The decency test, of necessity, looks to comparative law for guidelines in determining what penalties are widely regarded as proper for the offense in question.

An examination of the statutes of other states dealing with the sale of marijuana reveals that 26 states have no minimum sentence for the sale of marijuana; 3 provide a 2-year minimum; 9 have a 1-year minimum; 9 provide a 5-year mandatory minimum; and 1 provides a mandatory minimum of 10 years. Only one state, Ohio, has as severe a minimum sentence for the sale of marijuana as Michigan.[24]

Numerous states have amended their drug penalty statutes of late, showing a clearly discernible trend toward decreased penalties.[25] A 20-year mandatory minimum sentence for first offenders dispensing marijuana does not meet the evolving standards of the decency test.

### (c) *Rehabilitation*

Michigan has long recognized rehabilitative considerations in criminal punishment by sanctioning indeterminate sentences. The Michigan Constitution of 1963, art 4, § 45, provides:[26]

[24] Penalty provisions for Major Marijuana Offenses, Table 1, 9 Cr L 2441–2442 (8/25/71).

[25] 9 Cr L 2456 (9/1/71).

[26] Const 1908, art 5, § 28, reads:

"The legislature may provide by law for indeterminate sentences, so called, as a punishment for crime, on conviction thereof, and for the detention and release of persons imprisoned or detained on said sentences."

The Amendment of 1902 to the Constitution of 1850, art 4, § 47, reads:

"The legislature may, by law, provide for the indeterminate sentences, so called, as a punishment for crime, on conviction thereof, and for the detention and release of persons imprisoned or detained on said sentences."

"The legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences."

In *People v Cummings,* 88 Mich 249 (1891), indeterminate sentences were found to be unconstitutional. *In re Campbell,* 138 Mich 597 (1904), declared the 1902 amendment constitutional. *In re Manaca,* 146 Mich 697, 701 (1906), states:

"An indeterminate sentence law is not a new thing; men and women interested in sociology have for a long time endeavored to enact into law provisions that should be an incentive to law breakers, who have been convicted of crime, to reform and become good citizens."

The policy of the amendment was stated this way in *People v Cook,* 147 Mich 127, 132 (1907):

"The design of the indeterminate sentence law is to reform criminals and to convert bad citizens into good citizens, and thus protect society,"

and as follows in *In re Southard,* 298 Mich 75, 82 (1941):

"The policy expressed by the people, in providing by constitutional amendment for an indeterminate sentence law, directed the legislature to adopt a flexible law and the courts to fit the punishment in the exercise of their discretion to the needs of the particular case."

This test looks to a consideration of the modern policy factors underlying criminal penalties—rehabilitation of the individual offender, society's need to deter similar proscribed behavior in others, and the need to prevent the individual offender from causing further injury to society.

Experts on penology and criminal corrections tend to be of the opinion that, except for extremely serious crimes or unusually disturbed persons, the goal of rehabilitating offenders with maximum effectiveness can best be reached by short sentences of less than five years' imprisonment.[27]

An offender with a 20-year minimum sentence may get out after serving 10 years, 7 months, and 6 days *if* he gets full credit for "good time" and "special good time", according to Michigan Department of Corrections computations made pursuant to MCLA 800.33; MSA 28.1403.

If we apply the goal of rehabilitation, it seems dubious, to say the least, that now 26-year old Eric Lorentzen will be a better member of society after serving a prison sentence of at least 10 years, 7 months, and 6 days.

## II. *Conclusion*

Under each test to determine whether the minimum penalty of MCLA 335.152; MSA 18.1122, as it pertains to the sale of cannabis sativa, violates the prohibition against cruel and unusual punishments of Amendment VIII, United States Constitution, and against cruel or unusual punishment of art 1, § 16, Michigan Constitution of 1963, the minimum mandatory penalty of the statute fails. A compulsory prison sentence of 20 years for a nonviolent crime imposed without consideration for defendant's individual personality and history is so excessive that it "shocks the conscience."

---

[27] See Murrah and Rubin, *Penal Reform and the Model Sentencing Act*, 65 Colum L Rev 1167 (1965); Tappan, *Sentencing Under the Model Penal Code*, 23 Law & Contemp Prob 528, 540–541 (1958); Randolph, *Are Long Sentences Necessary?*, 21 # 2, Am J Correct 4 (1959).

The sentence is vacated, and the cause is remanded to the trial court for resentencing.

T. M. Kavanagh, C. J., and T. E. Brennan, T. G. Kavanagh, and Swainson, JJ., concurred with Adams, J.

T. G. Kavanagh, J. (*concurring in part, dissenting in part*). I have signed my Brother Adams' opinion for I agree with his reasoning and his conclusion that the mandatory 20-year minimum sentence is invalid as cruel and unusual punishment. I would go farther and set aside defendant's conviction, and order his discharge, however, for I believe the statute under which he was convicted is constitutionally defective.

In *People* v *Sinclair*, 387 Mich 91 (1972) released today, I stated the conviction that the government has no constitutional authority to proscribe possession and private use of marijuana. The right to possess and use something, however, has little meaning unless one also has the right to acquire it, and hence *proscription* of sale cannot be reconciled with a right to possess and use.

It may be that some legitimate public interest may be served by the *regulation* of traffic in marijuana, but a statute which absolutely forbids the sale of marijuana is as offensive to the right of privacy and the pursuit of happiness as a statute which forbids its possession and use.

Williams, J. (*concurring in part, dissenting in part*). My Brother Adams has correctly in my opinion reasoned and concluded that the 20 year mandatory minimum sentence is invalid as cruel and unusual punishment.

However, I can not concur in his disposition of the case. He remands for resentence. Since, for reasons stated in *People* v *Sinclair*, 387 Mich 91 (1972) I hold invalid the statute on which sentence would be based, I hold the defendant's conviction here must be set aside and his discharge ordered.

Black, J., did not sit in this case.