PEOPLE v JAMES

CRIMINAL LAW—SENTENCE—ERROR.
The Court of Appeals will vacate a re-sentence of a defendant where the manifest intention of the sentencing judge was to allow defendant's immediate release on parole, but where a miscalculation of the new sentence has prevented defendant's release.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 June 14, 1972, at Detroit. (Docket No. 12067.) Decided July 20, 1972.

Paul James was convicted of the sale of narcotics. Defendant appeals. Sentence vacated, and remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, and *John R. Whitehouse,* Chief Assistant Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. This is an appeal of right. Defendant was jury-convicted on March 26, 1971, of the sale of marijuana contrary to MCLA 335.152; MSA

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 533, 571.
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

18.1122. His sentence was from 20 years to life. He petitioned timely for court-appointed appellate counsel, who in turn timely filed a claim of appeal.

In February 1972 defendant was admitted to bail on order of this Court and remains in that status. On April 13, 1972, after the legislative amendment of the marijuana sale sentence provision, and the release of our Supreme Court's opinion in *People v Lorentzen,* 387 Mich 167 (1972), the trial judge resentenced the defendant to 1-1/2 to 4 years.

By the unchallenged computation of the amount of time defendant served in prison and the credit given him for time spent in jail before sentence, defendant is subject to some four more months imprisonment.

Upon stipulation of counsel and upon approval by this panel, a letter from the trial judge to the Michigan Parole Board was made part of the record on appeal. We quote therefrom:

"In resentencing Mr. James, I determined that the length of time he had already spent in prison was sufficient, and there was nothing to be gained by re-incarcerating him. Accordingly, Mr. Brasher, at my request, ascertained the minimum re-sentence to be imposed in order to permit the defendant to be placed òn parole immediately. After checking at Jackson, Mr. Brasher advised that an 18-month-minimum would allow Mr. James to be released immediately on parole. Accordingly, I set Mr. James' minimum at 18 months."

For whatever reason, and it is not clear on the record, defendant-appellant either was not or could not be released in accordance with the manifest intention of the sentencing judge. The assistant prosecuting attorney with commendable candor acknowledged before us that there had been some mathematical miscalculation as to the resen-

tencing. Able defense counsel assures us that a sentence relieving appellant of any more time in prison is agreeable and would render the additional assignments of error moot. The letter of the trial judge speaks for itself. We vacate the reapplied sentence and remand to the trial judge for disposition consistent with his expressed intention.

All concurred.