THE STATE OF OHIO, APPELLEE, v. ABERCROMBIE, APPELLANT.

[Cite as State v. Abercrombie (1973), 40 Ohio App. 2d 89.]

(No. 479—Decided July 30, 1973.)

*Mr. Robert A. Jones,* prosecuting attorney, for appellee.

*Messrs. Fredriks & Liggett* and *Mr. Dennis A. Liggett,* for appellant.

BRENNEMAN, P. J. This cause came on to be heard upon an appeal on questions of law, the transcript of the docket and journal entries, the original papers from the Court of Common Pleas of Clermont County, the assignment of error, the briefs and the argument of counsel.

In 1970, defendant was convicted on two separate occasions of breaking and entering in the night season. He was placed on probation on both charges.

In 1971, he was convicted of breaking and entering in the day season. Probation for the 1970 offenses was terminated, and concurrent sentences of imprisonment on all three offenses were imposed and defendant was sentenced to the Ohio State Reformatory.

Parole followed that imprisonment and, while on parole, defendant, the appellant, was indicted in 1972 for the sale of hallucinogens. After his trial and conviction and

while awaiting sentence, defendant attempted to escape confinement from the Clermont County jail.

Defendant was thereafter indicted for the attempt to escape confinement, pled guilty, and the court thereupon sentenced him to twenty to forty years on the conviction of selling hallucinogens, and one to five years on the attempt to escape jail, both sentences to run concurrently.

He appealed the conviction for the sale of hallucinogens claiming the trial court erred in overruling his motion to vacate the sentence as it constituted cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution, and Article I, Section 9 of the Ohio Constitution.

We have examined the transcript of the proceedings, as well as the briefs of counsel.

Defendant submitted, in his argument, a schedule of proscribed punishment for the offense of sale of hallucinogens in the fifty states of the Union and the District of Columbia, which shows, as submitted, that only Michigan and Ohio require confinement of twenty to forty years, all the rest being to a varying lesser minimum imprisonment.

Defendant further urges that the Michigan Supreme Court, in the case of *People* v. *Lorentzen* (1972), 387 Mich. 167, determined that a compulsory prison sentence of twenty years for a non-violent crime (sale of cannabis sativa) imposed without consideration for defendant's individual personality and history to be so excessive as to shock the conscience, and did not permit the penalty to stand.

The thrust of defendant's claim is that Ohio now stands alone, of all the states, in imposing a twenty year minimum penalty for violating a statute similar to Ohio's statute covering the sale of hallucinogens.

We are uninformed if the personality and history of the defendant *Lorentzen* in the Michigan case, *supra*, corresponds with the personality and history of the defendant in the case at bar, and we are not called upon to make that comparison.

The Supreme Court of Ohio has determined, in the case of *State* v. *Chaffin*, 30 Ohio St. 2d 13, the assignment of error which this defendant now claims, notwithstanding that decision.

In *Chaffin, supra,* the court found, for reasons there stated, that the sense of justice in the community (Ohio) has not been shocked. This court is of the opinion that defendant's history of offenses may or may not be comparable to the *Lorentzen* case in Michigan.

Whether it be comparable or not, it is not the province of this court to argue ourselves into insubordination of the Supreme Court of this state.

We, therefore, affirm the trial court and the judgment there entered, finding no reversible error.

*Judgment affirmed.*

VICTOR and HUNSICKER, JJ., concur.

BRENNEMAN, P. J., VICTOR and HUNSICKER, JJ., of the Ninth Appellant District, sitting by designation in the First Appellate District.