Bruce G. Dean, J.
Defendants have moved, by notice of motion returnable before this court on February 19, 1974, for an order dismissing the indictment herein on the ground that the statutes defining the offenses charged are unconstitutional and invalid.
The motion to dismiss the indictment herein is denied.
The motion was argued before the undersigned on February 19, 1974, defendants submitting, in support of their position, that section 220.20, subdivision 2 of section 220.15 and section 220.10 of the Penal Law are unconstitutional, null and void and invalid in that said statutes classify and treat marijuana or cannabis as a dangerous narcotic drug; that such classification is erroneous, cannot be supported on any rational basis, is arbitrary and deprives defendants of the equal protection of the laws. Defendants further submit that marijuana produces no harmful physical symptoms, is not a narcotic or addictive substance, and asks the court to take judicial notice of said factors. On or about February 27,1974, defendants served further notice for a hearing on the issue presented with respect to marijuana as a dangerous or narcotic drug.
The answering affidavit of the District Attorney asserts that marijuana, as a narcotic or dangerous drug, has many harmful physical consequences, citing a newspaper report in the Ithaca Journal on January 25,1974, that research indicates that regular smoking of marijuana weakens the immune defenses of the human body against disease, and submits that the court cannot take judicial notice that marijuana is not a narcotic or dangerous drug.
(A medical opinion of James J. Campbell, M. D., Syracuse, New York, entitled “ Marijuana Not Proved Harmless ”, was *645 published in the Syracuse Post Standard, May 11, 1974, p. 4. On the other hand, the Committee on Revision of Criminal Law, as reported in the perspective of the 97th Annual Meeting of the New York State Bar Association, passed a resolution to recommend that a temporary commission be established to make a detailed study of various proposals governing the sale and distribution of marijuana under legal conditions of control, and to make recommendations for revision of the criminal law so as to provide some lawful manner for sale and distribution.)
In support of their motion, defendants cite People v. Sinclair (387 Mich. 91); People v. Lorentzen (387 Mich. 167); and People v. McCabe (49 Ill. 2d 338), where it was, in varying opinions held that classifying marijuana with narcotics, carrying severe penalties, was invalid, and violated the prohibition against cruel and inhuman punishment of the Eighth Amendment of the United States Constitution, in that the punishment was in excess of any that would be suitable to fit the crime; that almost all authorities agree that marijuana is not a narcotic or addictive in the sense that the terms are precisely used; that there was not even a rational basis for treating marijuana as a more dangerous drug than alcohol; that marijuana is not a narcotic drug.
Defendants have also submitted the Annual Survey of American Law, published by New York University School of Law (1972/1973 vol. [Fall, 1972], pp. 120-131), citing “ Constitutional Challenges to Marijuana Laws ” in which, inter alia, People v. McCabe (supra) and People v. Sinclair (supra) were considered under “ Strict Equal Protection Challenges ”, con-eluding that the equal protection argument reaches the issue of constitutionality of the classification of marijuana as a narcotic, not the issue of constitutionality of the prohibition. This survey (p. 126) referred to one of the more notable of the four opinions in People v. Sinclair (supra, p. 133) presented by Justice Kavanagh, who found the marijuana statute violated the State and Federal Constitutions “ in that it is an impermissible intrusion on the fundamental rights to liberty and the pursuit of happiness, and is an unwarranted interference with the right to possess and use private property ”. No judicial .authority was cited in support of this proposition.
The “ Controlled Substances Inventory List ”, revised in 1973 (subject to Controlled Substances Act of 1970, U. S. Code, tit. 21, § 81 et seq.) provides: 11 schedule i substances Drugs in this schedule are those that have no accepted medical use in the United States and have high abuse potential. Some examples *646 are Heroin, Marihuana, LSD, Peyote, Mescaline, Psilocybin, etc. ’ ’
This court feels that it should not interfere with the role of the Legislature in the deterrence and elimination of illicit drug trafficking in this State and the rehabilitation of those damaged thereby. The Annual Message of the Governor (McKinney’s 1973 Sess. Laws of N. Y., vol. 2, pp. 2317-2320, Crime and Narcotics) indicates the growing concern of the American people with respect to crime and drugs; that every possible approach to stop drug addiction has been tried, to reduce mugging on the streets and robbing in the homes. In Robinson v. California (370 U. S. 660, 664), the Supreme Court recognized “ The broqd power of a State to regulate the narcotic drug traffic within its borders ”, citing Whipple v. Martinson (256 U. S. 41) authority of the State “ to regulate the administration, sale, prescription and use of dangerous and habit-forming drugs ”.
Reasons of policy, therefore, dictate that the trial court move with caution and restraint in adjudicating the claim of defendants here of cruel and inhuman punishment with its attendant implication for a constitutionally required lower standard of criminal responsibility for marijuana. In Matter of Posner v. Rockefeller (75 Misc 2d 875), petitioners attacked the constitutionality of the Emergency Drug Control Program, which, inter alia, empowered the Governor to appoint 68 Court of Claims Judges. In dismissing the petition, the court said (p. 880): “ It is axiomatic that courts are not concerned with the policy, wisdom or expediency of legislation. They fall within the province of the Legislature. Its office is to ascertain and declare whether the legislation is in accordance with or in contravention of the provisions of the State Constitution. Where the means adopted by the Legislature are not prohibited, the court may not inquire into the degree of other necessity.”
In any event, the undersigned feels that it is for the higher courts to determine whether the principle of judicial restraint should be exercised with respect to the issues of constitutionality raised herein by defendants. Courts of first instance should not exercise powers of declaring an act of the Legislature unconstitutional “unless such conclusion is inescapable”. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150.) A strong presumption of constitutionality attaches to all legislation. (Wasmuth v. Allen, 14 N Y 2d 391, 397.)
In People v. Davis (33 NY 2d 221, 226), the court said that an appeal for judicial recognition of a drug dependent defense to *647 criminal responsibility should be better addressed to the Legislature.
Motion is denied. The denial of this motion necessarily constitutes a denial of the application of defendants for a hearing on the issue of whether marijuana is a narcotic or dangerous drug.