Joseph D. Quinn, Jr., J.
Defendant has been indicted on a single count of criminal possession of a controlled substance in the fifth degree, in violation of subdivision TO of section 220.09 of the Penal Law. The indictment charges that this offense was committed on March 21, 1974. In that pleading, defendant is accused of unlawful possession of “ preparations, compounds, *407 mixtures and substances of an aggregate weight of one ounce or more containing marihuana.”
Under New York’s revised drug laws, which became effective on September 1, 1973, the crime charged is graded as a class C felony.
Previously in this action, defendant made an omnibus application for relief of a varied nature. In the third branch of that application, an order was sought declaring subdivision 10 of section 220.09 of the Penal Law “ unconstitutional in that it treats marijuana or cannabis in the same manner as dangerous narcotic drugs ”, upon the grounds “ that such treatment cannot be supported on any rational basis, is arbitrary, deprives the defendant of equal protection of the law, and violates the constitutional prohibition against cruel and unusual punishment ”.
In an order previously made and entered in this action, this court held the determination of that branch in abeyance and directed, sua sponte, that the Attorney-General be brought in, pursuant to the provisions of section 71 of the Executive Law, to defend the constitutional attack upon the challenged section of the Penal Law. In the interim, the Attorney-General has intervened, the constitutional questions presented here have been briefed and argued by the Attorney-General and by the District Attorney, and the remaining branches of the motion have been decided.
Belying solely upon the opinions of the Supreme Court of Michigan in People v. Sinclair (387 Mich. 91) and in People v. Lorentzen (387 Mich. 167) and that of the Supreme Court of Ulinois in People v. McCabe (49 Ill. 2d 338), defendant neither elaborated upon his assertions of constitutional infirmities in the statute under attack in his moving papers nor did he avail himself of the opportunity afforded to him to submit a brief and to offer oral argument. This is so, notwithstanding the heavy burden of demonstrating invalidity beyond a reasonable doubt which must be sustained 'by those who would have the courts strike down statutes on constitutional grounds. (Cf. People v. Pagnotta, 25 N Y 2d 333, 337.)
Nevertheless, it appears to this court that, the challenge here presents three questions for resolution. These are (1) whether the Legislature, in enacting New York’s so-called “ new drug laws ”, and in proscribing the sale, possession and distribution of marijuana, has classed that substance with various narcotic drugs in violation of defendant’s due process and equal protection rights, (2) whether the Legislature, in enacting the selfsame laws, has, for all practical purposes, treated marijuana, *408 which is nonnarcotic and perhaps less harmful, in the same manner as more dangerous substances in violation of defendant’s due process and equal protection rights, and (3) whether the penalties prescribed by the Legislature for infractions of statutory regulations prohibiting activity with respect to marijuana violate the Eighth Amendment’s interdiction against the imposition of cruel and unusual punishments? To our way of thinking, each of these questions must be answered in the negative.
A glance at currently pertinent sections of the Penal Law and of the Public Health Law and a comparison of those sections with their former counterparts reveals the answer to the first question. When it amended both the Penal Law and the Public Health Law in 1973, New York removed marijuana from the narcotic drug category. (Of. Penal Law, § 220.00, subds. 6 and 7; Public Health Law, § 3302, subds. 20 and 21 and § 3306, Schedule I, subds. [a], [b] [c] and [d], Schedule II, subds. [a] and [b]; Penal Law, former § 220.00, subds. 1 and 4, and § 220.02, and Public Health Law, former arts. 33, 33-A and 33-B.) Thus, defendant’s reliance upon Sinclair, Lorentgen, and McCabe, as authorities for the proposition that New York’s current drug laws literally misclassify marijuana as a narcotic substance in violation of his equal protection rights, is misplaced. Each of those cases invalidated .statutes which .characterized marijuana as a narcotic. Since September 1, 1973, there have been no such enactments in New York.
This court sees what may be labeled as defendant’s second equal protection claim as a contention that, in spite of the fact that marijuana is not expressly defined as a narcotic under our laws, it might as well be, .since it is arbitrarily grouped in the same schedule with heroin and other opium derivatives which are generally thought to be more dangerous and harmful. (Public Health Law, § 3306, Schedule I.) If this claim is correctly assayed, then it has little impact, for the placement of marijuana in this general category is not a controlling factor in the scheme of punishment which the Legislature has established for offenses entailing this particular contraband. (Cf. United States v. Maiden, 355 F. Supp. 743 [D. C., Conn., 1973].)
By way of illustration, the court points out that under the provisions of the very section and subdivision which defendant would have striken down, the crime of possession of a mixture having an aggregate weight of otne otmce or more containing marijuana is graded as a class “ 0 ” felony. The same gradation is .given under subdivision 11 of the section to possession of 100 or more cigarettes containing marijuana.
*409 These two subdivisions of section 220.09 represent the highest degree of marijuana possession offenses prescribed in New York’s scheme of crime classification. In comparison, under subdivision 1 of this section, the crime of possession of a mixture having an aggregate weight of only one-eighth ounce containing a narcotic drug such as heroin, morphine or cocaine is graded at the same penalty level. And, under article 220 of the present Penal Law, as the quantity of possessed narcotic drugs increases, the degree of criminality and gradation goes up accordingly, all the way to an “ A-I ” felony. This is not so with marijuana offenses, whether possession or sale, which are never ranked higher than a “ C ” felony.
While it is true that the maximum sentence in New York for conviction of a “ C ” felony is imprisonment for a term not exceeding 15 years, and that, although no minimum term is mandated, one not to exceed one third of the maximum may be fixed by the court for such a conviction (Penal Law, § 70.00), it should be noted that, while conviction under any of the first nine subdivisions of the section under attack here requires imposition of a prison sentence under the provisions of subdivision 3 of section 60.05 of the Penal Law, a marijuana possession conviction under subdivisions 10 and 11 of this same section need not result in a prison sentence. As is the case with a conviction for the highest marijuana sale offense (Penal Law, § 220.34, subd. 1, par. [c]) it is possible for an offender convicted under subdivisions 10 or 11 of section 220.09 of the Penal Law to receive a probationary sentence or a sentence of conditional or unconditional discharge. (Of. Hechtman, Practice Commentary, McKinsey’s Cons. Laws of N. Y., Book 39, Penal Law, § 220.09, 1974^1975 Supplement, pp. 19-20.)
If defendant has made any sort of a case with his protest against New York’s present classification of marijuana, it is one for the legislative rather than the judicial arm. (Cf. United States v. Kiffer, 477 F. 2d 349 [2d. Cir., 1973], cert. den. 414 U. S. 831; United States v. LaFroscia, 354 F. Supp. 1338 [S. D. N. Y, 1973], affd. 485 F. 2d 457 [2d. Cir., 1973].)
Defendant’s cruel and unusual punishment claim seems to boil down to a contention that the Legislature has, in the instance of marijuana violations, failed to tailor penalties to fit the relative harmfulness of the various substances under regulation. Our foregoing analysis of marijuana-related crime classification and sentencing provisions of New York’s drug laws demonstrates that the Legislature has drawn rational distinctions between this drug and the “ hard ” narcotics. Presumably, *410 defendant would have the court put the penalties for marijuana offenses even further down the scale than the Legislature has seen fit to place them. But, there has been no showing or either a factual or a legal 'basis for such radical judicial action. Thus, the presumption of validity which attaches to all legislation remains unrebutted and this challenge, like the equal protection claims, has failed. (Cf. People v. Broadie, 45 A D 2d 649; People v. Venable, 46 A D 2d 73.)
Accordingly, the third branch of defendant’s omnibus motion is denied in its entirety.