*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

DONNIE OMAR WOGOMAN,

    Defendant-Appellant.

UNPUBLISHED
January 25, 2024

No. 364096
Kalamazoo Circuit Court
LC No. 1993-0888-FC

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

In 1993, a jury convicted defendant, Donnie Omar Wogoman, of first-degree murder. The trial court sentenced defendant to serve a prison term of life without parole for that crime. At the time he committed that offense, defendant was 19 years old. Nearly three decades later, defendant sought relief from judgment. On appeal on leave granted,[1] defendant cites *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022), in asking this Court to rule that he was improperly sentenced to life without parole for the crime he committed at the age of 19. Because binding precedent limits the application of those decisions to crimes committed before the age of 19, we must affirm defendant's sentence.

## I. FACTUAL BACKGROUND

On June 10, 1993, defendant participated in an armed robbery that resulted in the shooting death of Christopher Ricketts. William Edward Neilly fired the fatal shot after defendant prompted him to steal Ricketts's stereo system that was playing loud music. Before the shooting, defendant asked James Matrice Brown: "Do you have bullets?" After Brown assured defendant that Brown had bullets, defendant retrieved a gun and gave it to Brown. Neilly and Brown then agreed to take the stereo system from Ricketts. Armed with the gun, Neilly and Brown walked up to Ricketts, who was sitting in a vehicle, and told him to give them all of his possessions. Ricketts drove away

---

[1] *People v Wogoman*, unpublished order of the Court of Appeals, entered May 12, 2023 (Docket No. 364096).

at high speed, but Neilly fired two shots at the speeding vehicle. One of those shots killed Ricketts. On November 8, 1993, a jury found Neilly and defendant guilty of first-degree felony murder and other serious crimes.

On December 20, 1993, the trial court sentenced defendant to serve life without parole for the felony-murder charge. During the sentencing hearing, the trial court painstakingly explained why the sentence of life without parole was appropriate for defendant, who was 19 years old when Ricketts was shot and killed.[2] Defendant sought first-tier appellate review by claim of right. This Court rejected defendant's arguments and affirmed his convictions and sentences. See *People v Wogoman*, unpublished per curiam opinion of the Court of Appeals, issued July 5, 1996 (Docket No. 173121). Our Supreme Court thereafter denied leave to appeal. 454 Mich 902 (1997).

On several occasions, defendant moved for relief from judgment, but those motions did not result in relief. Most recently, in November of 2022, defendant filed a successive motion for relief from judgment arguing that he is entitled to resentencing in light of a retroactive change in the law. Specifically, defendant insisted that his sentence of life without parole is unconstitutional in light of *Miller*, 567 US at 489, *Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016), and *Parks*, 510 Mich 225, because he was only 19 years old when the murder took place. On November 17, 2022, the trial court denied that motion, reasoning that those cases do not apply to defendant because he was "8 months and 21 days into his 19th year, and passed the '18 years or under' line drawn by the *Parks* court." We granted defendant leave to appeal, so we must consider his argument on the merits.

## II. LEGAL ANALYSIS

Defendant asserts that his mandatory sentence of life without parole for first-degree felony murder committed when he was 19 years old violates the Michigan constitutional prohibition of cruel or unusual punishment. This Court reviews "questions of constitutional law de novo." *Parks*, 510 Mich at 245. As our Supreme Court has held, "mandatorily subjecting 18-year-old defendants convicted of first-degree murder to a sentence of life without parole violates the principle of proportionality derived from the Michigan Constitution, . . . and thus constitutes unconstitutionally cruel punishment under Const 1963, art 1, § 16." *Id*. at 268. Two panels of this Court, however, have held in published opinions that that rule does not apply to defendants who were older than 18 when they committed first-degree murder. *People v Czarnecki* (*On Remand, On Reconsideration*), ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 348732); *People v Adamowicz* (*On Second Remand*), ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 330612). Those opinions relied on our Supreme Court's decision in *People v Hall*, 396 Mich 650; 242 NW2d 377 (1976), which determined that "the punishment [of life without parole for felony murder] is proportionate to the crime." *Id*. at 658, citing *People v Lorentzen*, 387 Mich 167; 194 NW2d 827 (1972).

In *Adamowicz*, ___ Mich App at ___; slip op at 3, this Court ruled "that under the Michigan Constitution it was not cruel or unusual punishment to sentence defendant, who indisputably was 21 at the time he committed first-degree premeditated murder, to the mandatory sentence of life

---

[2] According to defendant's judgment of sentence, he was born on September 20, 1973. The killing took place on June 10, 1993, which was approximately three months before defendant turned 20.

without the possibility of parole that the Legislature determined is warranted in this case." Along the way, we cited *Hall*, observing that "the Supreme Court has already upheld the constitutionality of a sentence of life imprisonment without the possibility of parole imposed upon an adult for the crime of first-degree murder." *Id*. Then, in *Czarnecki*, ___ Mich App at ___; slip op at 2, we dealt with a defendant who "was sentenced to mandatory life in prison without the possibility of parole for a first-degree murder that he committed at the age of 19." Explaining how the *Hall* and *Parks* decisions should be applied to 19-year-olds, we commented that "[o]ur Supreme Court in *Parks* explicitly limited the effect its opinion had on *Hall*, stating that its 'opinion today does not affect *Hall*'s holding as to those older than 18.' " *Id*., citing *Parks*, 510 Mich at 255 n 9. We are bound to follow those holdings of this Court and cannot "anticipatorily ignore" binding precedent. MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis.") Without additional extension of *Miller* by the United States Supreme Court or *Parks* by our Supreme Court, we must conclude that defendant's mandatory prison sentence of life without parole for first-degree felony murder committed at the age of 19 continues to pass muster under the United States Constitution and the Michigan Constitution, Const 1963, art 1, § 16.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates