PEOPLE v JAMES JOHNSON

Docket No. 92073. Submitted January 5, 1988, at Lansing. Decided
April 4, 1988.

James L. Johnson pled guilty but mentally ill in Saginaw Circuit
Court to charges of assault with intent to murder and posses-
sion of a firearm during the commission of a felony and was
sentenced to a prison term of from 96 months to 240 months,
Gary R. McDonald, J. Defendant appealed, claiming that the
sentence is so excessive that it should shock the conscience of
the Court of Appeals and that the sentence is so disparate that
it violates Michigan's constitutional prohibition against cruel or
unusual punishment.

The Court of Appeals *held*:

1. Defendant's crime, coupled with his prior record, easily
justifies the penalty imposed by the trial court. The sentence
imposed does not shock the judicial conscience.

2. There is not such a disparity between defendant's crime
and the sentence imposed that the sentence would be consid-
ered cruel or unusual punishment under Michigan's constitu-
tion.

Affirmed.

1. CRIMINAL LAW — SENTENCING GUIDELINES — APPEAL.
     A sentence within the sentencing guidelines is presumptively
     neither excessively severe nor unfairly disparate, but still
     might shock the conscience of the Court of Appeals and war-
     rant resentencing.

2. CRIMINAL LAW — SENTENCING — CRUEL OR UNUSUAL PUNISHMENT.
     The dominant test for cruel or unusual punishment is that the
     punishment is in excess of any that should be suitable for the
     crime (Const 1963, art 1, § 16).

REFERENCES
Am Jur 2d, Criminal Law §§ 525 *et seq.*; 625 *et seq.*
Imposition of enhanced sentence under recidivist statute as cruel
     and unusual punishment. 27 ALR Fed 110.
See also the annotations in the Index to Annotations under Cruel
     and Unusual Punishment.

3. CRIMINAL LAW — SENTENCING — CRUEL OR UNUSUAL PUNISHMENT
— DISPARITY.

A sentence must be so disproportionate to the offense as to shock
the moral sense of the public to be cruel or unusual by reason
of disparity (Const 1963, art 1, § 16).

4. CRIMINAL LAW — SENTENCING — CRUEL OR UNUSUAL PUNISHMENT
— DISPARITY.

Any sentence in which the sentencing court articulates on the
record the reasons for the sentence imposed in order to facili-
tate appellate review and which an appellate court finds does
not shock the conscience of the appellate court cannot be
challenged as cruel or unusual punishment under the Michigan
Constitution by reason of disparity between the crime and the
penalty (Const 1963, art 1, § 16).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Christopher S. Boyd,* Prosecuting Attorney, and *Bernard J. Coppolino,* Assistant Prosecuting Attorney, for the people.

*William W. Allsopp,* for defendant on appeal.

Before: CYNAR, P.J., and BEASLEY and K. B. GLASER, JR.,* JJ.

K. B. GLASER, JR., J. Defendant pled guilty but mentally ill to assault with intent to murder, MCL 750.83; MSA 28.278, and to possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to a prison term of 96 months to 240 months. The sentencing guidelines provided for a minimum sentencing range of forty-eight to ninety-six months. Defendant appeals only from his sentence on a twofold basis. He claims that the sentence is so excessive that it should shock the conscience of this Court and that it is so disparate that it violates Michigan's constitutional prohibition against cruel or unusual pun-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ishment under Const 1963, art 1, § 16. We disagree and affirm.

Defendant drove up beside Police Detective Bradley while driving down a street in Saginaw, pointed a pistol at Detective Bradley and attempted to fire at the detective without success. The detective dropped back behind defendant's vehicle and called for backup assistance. At Fifth and Sixth Streets in Saginaw, defendant stopped his vehicle, got out, and again pointed his revolver at Detective Bradley. The detective drew his gun and ordered defendant to drop his gun, but defendant failed to do so. Defendant shot at the detective and jumped back into his car. On Fourth Street, defendant again got out of his vehicle, as did the detective. Detective Bradley again ordered defendant to drop his weapon. Instead, defendant began yelling at the detective and stated that the detective did not dare shoot him. The defendant proceeded down the street and fired a second shot at the detective. Defendant fired a third shot after he climbed onto a porch of a residence. Detective Bradley was firing back at defendant at this point in an attempt to keep him from entering the residence. Defendant did enter the residence, but surrendered to officers a few minutes later. Defendant was taken to the hospital for treatment of gunshot wounds to his neck and leg.

Defendant had a history of mental illness and was first evaluated as not being competent to stand trial. Later, defendant was certified as competent to stand trial and as not meeting the criteria for legal insanity at the time of the alleged offense. Defendant had two prior convictions of attempted carrying a concealed weapon in an automobile, one in 1979 and one in 1982. He also had a probation violation on the first of those charges. His plea of guilty but mentally ill re-

sulted from a plea bargain in which a count of carrying a pistol in an automobile and a supplement as a habitual offender, third, was dismissed. At the time of the plea defendant claimed to have no memory of the facts of this case.

Defendant first argues that his sentence is excessive. Defendant correctly asserts that the Supreme Court in *People v Coles,* 417 Mich 523, 549-550; 339 NW2d 440 (1983), required the sentencing court to articulate on the record the reasons for sentencing in order to facilitate appellate review and permitted the appellate court to remand for resentencing if the trial court abused its discretion by imposing a sentence which shocks the conscience of the appellate court. A sentence within the guidelines is presumptively neither excessively severe nor unfairly disparate. *People v Broden,* 428 Mich 343; 408 NW2d 789 (1987). However, while a sentence within the guidelines is sufficient to satisfy *Coles, supra,* it does not necessarily preclude the possibility that, in a particular case, the sentence might still shock the conscience of the Court and warrant reversal. *Broden, supra,* p 354, n 18.

While defendant correctly states the law, the facts are heavily against him. A crime of this nature with its great danger to human life, coupled with defendant's prior record, easily justifies the penalty imposed by the court. The sentence does not shock our conscience.

The second issue raised by defendant is that, even if the sentence satisfied the requirements of *Coles, supra,* there is such a disparity between the crime and the punishment that it is void as cruel or unusual punishment under Const 1963, art 1, § 16. We disagree.

The dominant test for cruel or unusual punishment is that the punishment is in excess of any

that should be suitable for the crime. *People v Lorentzen,* 387 Mich 167, 176; 194 NW2d 827 (1972); *Coles, supra,* p 530. To be cruel or unusual by reason of disparity it must be so disproportionate to the offense as to "shock the moral sense of the public." *Lorentzen, supra,* p 176. It must not be so disparate that it "shocks the conscience." *Lorentzen, supra,* p 181. *Coles* "expanded" the scope of appellate review of sentencing from that in *Lorentzen* and other cases involving disparate sentences and the constitutional concept of cruel or unusual punishment. *Coles, supra,* p 548. Accordingly, our Supreme Court has held that the *Coles* doctrine is more restrictive than the cruel or unusual punishment doctrine where disparate sentencing is concerned. Therefore, we hold that any sentence which satisfies the requirements of *Coles* cannot be challenged as cruel or unusual punishment under Const 1963, art 1, § 16 by reason of disparity between the crime and the penalty.

Affirmed.

CYNAR, J., concurs in the result only.