PEOPLE v PUCKETT

Docket No. 107216. Submitted October 13, 1988, at Detroit. Decided July 6, 1989.

Clarence Puckett, Jr., pursuant to a plea agreement, pled guilty in St. Clair Circuit Court, Peter E. Deegan, J., to a charge of possession with intent to deliver less than fifty grams of a mixture containing cocaine. Defendant was sentenced to four to twenty years in prison. Defendant filed a motion for resentencing, which was denied. Defendant appealed.

The Court of Appeals *held:*

1. The court did not abuse its discretion in denying defendant's motion for resentencing. Defendant offered no testimony, submitted no affidavit, and made no offer of proof in support of his claim that the presentence report contained myriad inaccuracies which misled the trial court into believing defendant was a full-time drug dealer.

2. The sentence imposed upon defendant does not constitute cruel and unusual punishment. The court properly scored the offense variables, and the sentence, the minimum of which is twice the recommended minimum sentence, does not shock the appellate conscience.

Affirmed.

1. CRIMINAL LAW — SENTENCING — MOTION FOR RESENTENCING — SENTENCING GUIDELINES.

A defendant who seeks to challenge a sentencing court's proposed scoring decision under the sentencing guidelines bears the burden of going forward with an effective challenge; in the absence of any objection at sentencing and any affidavit or offer of proof in support of a defendant's position at his subsequent motion for resentencing, a trial court may properly deny the motion for resentencing.

REFERENCES

Am Jur 2d, Criminal Law §§ 539, 580, 582, 625-631.

Review for excessiveness of sentence in narcotics case. 55 ALR3d 812.

Comment Note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

2. CRIMINAL LAW — SENTENCING — CRUEL AND UNUSUAL PUNISH-
   MENT.
   Any sentence which does not shock the conscience of the appel-
   late court does not constitute cruel and unusual punishment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Robert N. Wagner,* for defendant on appeal.

Before: HOLBROOK, JR., P.J., and SAWYER and J. M. BATZER,* JJ.

PER CURIAM. On March 30, 1987, defendant pled guilty to possession with intent to deliver less than fifty grams of a mixture containing cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). As part of a plea bargain, the prosecution dismissed counts of possession with intent to deliver LSD, MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b), and receiving and concealing stolen property with a value exceeding $100, MCL 750.535; MSA 28.803, as well as charges pending in another case: possession of a pistol in a motor vehicle, MCL 750.227; MSA 28.424, and escape from lawful custody, MCL 750.197; MSA 28.394. On June 29, 1987, defendant was sentenced to four to twenty years imprisonment. After hearing defendant's motion for resentencing on February 3, 1988, the trial court denied the motion, and defendant appeals as of right.

This appeal arises from a search of defendant's apartment where police discovered 6.5 grams of cocaine in the form of thirty-four separate "rocks," forty-seven tablets of LSD, and two loaded semiautomatic handguns, one of which was stolen property.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

We first address defendant's claim that, as a result of myriad inaccuracies, the "tone" of the presentence report misled the trial court into believing that defendant was a full-time drug dealer. We have reviewed the record and note that the only presentence report inaccuracies specifically raised by defendant below were: (1) the description of defendant as a full-time drug dealer for a two-year period and as a mid-level drug dealer (defendant maintains he only admitted frequently using drugs for a two-year period); (2) the statement that "papers" found in defendant's apartment indicated defendant was involved in narcotics traffic; (3) defendant's purported admission that he had sold $400 worth of drugs the day his apartment was searched; and (4) the assertion that defendant's girlfriend was found in possession of a supply of marijuana on the day of the search when in fact that supply was one "joint."

In *People v Walker,* 428 Mich 261, 268; 407 NW2d 367 (1987), our Supreme Court said:

> [A] defendant who seeks to challenge a proposed scoring decision bears the burden of going forward with an "effective challenge." Whether that requirement is satisfied with a flat denial of an adverse factual assertion, or whether an affirmative factual showing is required, will depend upon the nature of the disputed matter. Some negatives are obviously difficult or impossible to demonstrate by affirmative proof.
>
> * * *
>
> Where the record of the trial or of the plea proceeding contains evidence supporting or opposing a proposed decision concerning the scoring of a variable, the *sentencing judge shall exercise discretion in deciding whether to entertain further proofs.*

We believe that, unlike a situation where a

defendant at his resentencing motion hearing can demonstrate an improperly scored sentencing information report on the basis of a miscalculation or misapplication of the guidelines evident on the face of the already existing record, the trial judge here did not abuse his discretion. Defendant raised no objection to the facts contained in the presentence report at sentencing. Further, at the hearing on his motion for resentencing, he offered no testimony, submitted no affidavit, and made no offer of proof in support of his dispute of the facts contained in the report. We therefore hold that in the absence of any objection at sentencing and any affidavit or offer of proof in support of defendant's position at his subsequent motion for resentencing, the trial court did not abuse its discretion and properly denied the motion for resentencing.

We next address defendant's claim that the sentence imposed constitutes cruel and unusual punishment.[1] Defendant bases this conclusion on his argument that Offense Variable 8 (professional/organized crime or ring) and Offense Variable 16 (aggravated controlled substance offense) were incorrectly scored, leading to an erroneous sentencing guidelines recommended minimum sentence range of twelve to twenty-four months rather than six to twelve months, and that by thus departing from the erroneously computed recommended range in setting defendant's minimum sentence at four years, the trial court imposed a sentence of four times the correct guidelines range.

Drug Offense Variable 8 directs the scoring of four points if the offense is part of a pattern of criminal activities over a period of time from which the defendant derived a substantial portion

---

[1] US Const, Am VIII; Const 1963, art 1, § 16.

of his income or if the offense is directly related to membership in an organized crime group. According to the presentence report, defendant made weekly trips from Port Huron to Detroit in order to purchase large quantities of cocaine for Billy McClarity. After returning to Port Huron, the cocaine was "cooked" into rock cocaine. Defendant would then receive $750 worth of this rock cocaine to sell and realize a $250 profit in doing so. Defendant does not dispute that he was unemployed for the 1 to 1½ months prior to arrest and that his previous legitimate employment was of a three-month duration for which he was paid only minimum wage. Therefore, whether or not defendant was a mid-level drug dealer involved in selling cocaine for a two-year period, defendant's illegal activity was part of a pattern of criminal activities over a period of time presumably encompassing more than one week: at $250 per week, defendant derived a substantial portion of his income from these activities. The four points were properly scored.

Defendant also claims that two points, not three points, should have been scored under Offense Variable 16 (aggravated controlled substance offense) because the Sentence Guideline Manual directs that two points be scored for sale or delivery of a substance other than marijuana and that that is what occurred in this case. However, the manual directs the scoring of three points where the defendant possessed a substance other than heroin having a dollar value, or under such circumstances, as to indicate trafficking. Given the discovery of thirty-four rocks of crack cocaine, forty-seven LSD tablets, and two loaded semiautomatic handguns in defendant's apartment, as well as defendant's statement concerning his part in the weekly purchase and sale of cocaine, we find

that the circumstances indicate trafficking such that three points were properly scored.

The sentence imposed, the minimum of which is twice the recommended minimum sentence, does not shock our appellate conscience and therefore does not constitute cruel and unusual punishment. *People v James Johnson,* 167 Mich App 548, 552; 423 NW2d 52 (1988).

Affirmed.

SAWYER, J., concurs in result only.