# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 15, 2018

Plaintiff-Appellee,

v

No. 333157
Wayne Circuit Court
LC No. 11-010199-01-FC

ROBERT REED, JR.,

Defendant-Appellant.

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In April 2012, a jury convicted defendant of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a), and one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 320 months to 120 years for each CSC-III conviction, and to time served for the CSC-IV conviction. In a prior appeal, this Court affirmed defendant's convictions and sentences. *People v Reed*, unpublished per curiam opinion of the Court of Appeals, issued January 16, 2014 (Docket No. 310803). Defendant filed an application for leave to appeal in the Michigan Supreme Court, which held the application in abeyance pending its decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). After the Supreme Court decided *Lockridge*, it issued an order reversing in part this Court's judgment and remanding the case to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*." *People v Reed*, 498 Mich 901; 870 NW2d 901 (2015). Defendant now appeals as of right the trial court's order denying his request for resentencing.[1] We affirm.

---

[1] We reject the prosecution's challenge to this Court's jurisdiction. MCR 7.203(A) provides that this Court has jurisdiction of an appeal as of right from a "final order" of the circuit court. MCR 7.202(6)(b)(*iv*) defines a "final order" as including, in a criminal case, "a sentence imposed, *or order entered*, by the trial court following a remand from an appellate court in a prior appeal as of right." (Emphasis added.) In defendant's prior appeal by right, the Supreme Court remanded the case to the trial court for further proceedings under *Lockridge*, and the trial court resolved that remand order by entering the order denying resentencing. Plaintiff does not dispute that

-1-

## I. RESENTENCING

Defendant argues that he is entitled to resentencing because the trial court did not provide adequate justification for his sentences, which defendant argues are unreasonable and disproportionate. We disagree. We review a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989).

Preliminarily, defendant's suggestion that the trial court was required to consider a guidelines range that was not based on judicial fact-finding is flawed. In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient, in violation of the Sixth Amendment, to the extent that they "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *Id*. at 364. To remedy this deficiency, the Court held that the guidelines are advisory only. *Id.* at 365. Under *Lockridge*, however, trial courts are still required to "continue to consult the applicable guidelines range and take it into account when imposing a sentence," and are permitted to score the OVs using judicially-found facts. *Id.* at 392 n 28. As this Court explained in *People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016),

> [t]he constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a mandatory minimum sentence range, which constitutional violation was remedied in *Lockridge* by making the guidelines *advisory*, not by eliminating judicial fact-finding.

More recently, in *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017) *(Steanhouse II)*, our Supreme Court reaffirmed its holding in *Lockridge,* that "the sentencing guidelines are advisory only." *Id*. at 466. The Court articulated that "[w]hat made the guidelines unconstitutional, in other words, was the combination of the two mandates of judicial fact-finding and adherence to the guidelines." *Id*. at 467. In this case, the trial court expressed on remand its awareness that the guidelines were "now advisory." Therefore, the trial court did not err when it evaluated defendant's sentences under a guidelines range that was based on judicially-found facts.

Next, defendant argues that his sentences are unreasonable and disproportionate. Generally "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. When reviewing a departure sentence for reasonableness, an appellate court must determine "whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich

---

defendant's claim of appeal was timely filed from that order. See MCR 7.204(A)(2). Because the trial court's order denying resentencing qualifies as a final order under MCR 7.202(6)(b)(*iv*) and defendant timely filed a claim of appeal from that order, this Court has jurisdiction over this appeal. To the extent plaintiff argues that certain issues are beyond the scope of the remand proceedings, that argument relates only to the scope of this Court's review, not its jurisdiction over the order appealed.

630; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse II*, 500 Mich at 459-460. However, a sentence that falls within the guidelines range is presumed to be proportionate and must be affirmed on appeal absent a scoring error or reliance on inaccurate information. MCL 769.34(10); *People v Jackson*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 332307), lv pending; slip op at 8; *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). Here, defendant was sentenced within the minimum sentencing guidelines range of 117 to 320 months, and has offered no compelling argument that an error occurred. Accordingly, reasonableness review is not required. *Jackson*, ___ Mich App at ___.

Defendant's only remaining argument is that the trial court erred by failing to articulate sufficient reasons for its decision to deny resentencing. Our Supreme Court remanded this case for a *Crosby*[2] proceeding in accordance with its decision in *Lockridge*. In a *Crosby* remand, if a trial court decides not to resentence the defendant, it must place "an appropriate explanation" for its decision on the record. *Lockridge*, 498 Mich at 398. In this case, the trial court complied with the *Crosby* remand procedure by allowing defendant to submit his views regarding resentencing and then holding a hearing at which defendant's attorney was allowed to place defendant's views about resentencing on the record. After reciting the facts of the case, the trial court expressed its belief that the original sentences, which were within the advisory guidelines range, were not only reasonable, but that the nature of the offender and the offenses could have actually supported an upward departure. Accordingly, the trial court explained, having considered defendant's sentences in light of *Lockridge*, it would not have imposed a materially different sentence. The trial court followed the procedure required by *Lockridge* and it provided an appropriate explanation for its decision to not resentence defendant. Therefore, it did not abuse its discretion in denying defendant's motion for resentencing.

## II. DEFENDANT'S STANDARD 4 BRIEF

In his Standard 4 brief on appeal, defendant seeks reversal of his convictions based on challenges to an amendment of the information and the trial court's jury instructions. However, our Supreme Court remanded this case to the trial court for the limited purpose of implementing the *Crosby* remand procedure to determine whether defendant should be resentenced. *Reed*, 498 Mich at 901. The issues defendant now raises in his Standard 4 brief are outside the scope of the Supreme Court's remand order, and accordingly, are not reviewable in this appeal. See *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) (the scope of an appeal after a case has been remanded is limited by the scope of the remand), and *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) ("where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand.") Accordingly, we decline to consider the issues raised in defendant's Standard 4 brief.

---

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005), cert den 549 US 915; 127 S Ct 260; 166 L Ed 2d 202 (2006).

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro