# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARIUS RUSH,

Defendant-Appellant.

UNPUBLISHED
February 22, 2018

No.  334740
Wayne Circuit Court
LC No.  12-001081-01-FC

Before:  RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

This case is before this Court for the third time.  Defendant appeals by right the trial court's order, entered after a *Crosby*[1] hearing, denying his motion for resentencing and reaffirming his sentences of 145 months to 20 years' imprisonment for his conviction of first-degree home invasion, MCL 750.110a(2)(b), 87 months to 20 years' imprisonment for his conviction of conspiracy to commit home invasion, MCL 750.157a and MCL 750.110a(2), and time served for his conviction of receiving or concealing stolen property less than $200, MCL 750.535(5).  We affirm.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

This Court summarized the facts underlying defendant's 2012 convictions in a prior opinion:

> Darnell is Darius's uncle.  The various charges stem from a January 9, 2012, robbery that they committed with two other men, Desmond Robinson and Deandre Cannady.  As part of a plea agreement, Cannady[2] testified that the four men went to the 80-year-old victim's house in order to rob him.  They approached

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] Cannady pleaded guilty to unarmed robbery, MCL 750.530, first-degree home invasion, conspiracy to commit first-degree home invasion, receiving and concealing stolen property, and unlawful driving away of an automobile, MCL 750.413, for which he was sentenced to 5 to 20 years' imprisonment.

-1-

the victim under the guise that they were interested in buying his car. Darnell pushed the victim into the house through the open doorway and held a small metal blade to the victim's neck while the other three men entered the victim's house and stole items from the victim's person and his house. In their respective statements to the police, both Darnell and Darius admitted to their involvement in the robbery. They were convicted and sentenced . . . .[3]

Following his convictions, defendant was originally sentenced as a third-offense habitual offender, MCL 769.11, to 217 months to 40 years' imprisonment for the home invasion conviction, to be served consecutively to 87 months to 40 years' imprisonment for the conspiracy conviction, and to time served for the receiving or concealing stolen property conviction. Defendant's sentences were within the calculated guidelines range of 87 to 217 months for a third-offense habitual offender. MCL 777.63; MCL 777.21(3)(b). Defendant appealed, and this Court affirmed his convictions, but remanded for resentencing after concluding that the trial court had erroneously sentenced defendant as a third-offense habitual offender.[4]

On remand, the trial court removed defendant's habitual offender enhancement, and resentenced defendant, within the corrected guidelines range of 87 to 145 months, to 145 months to 20 years' imprisonment for the first-degree home invasion conviction, to be served consecutively to 87 months to 20 years' imprisonment for the conspiracy conviction; defendant was again sentenced to time served for his receiving or concealing stolen property conviction. Defendant again appealed, arguing, *inter alia*, that he was entitled to resentencing pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), because the trial court had engaged in judicial fact-finding at his resentencing to mandatorily increase his sentencing guidelines range, thereby violating his rights under the Sixth Amendment.[5] This Court agreed that a *Crosby* remand was required "so that the trial court may determine whether it would have imposed materially different sentences in light of the now-advisory nature of the sentencing guidelines."[6] On the resulting second remand, defendant moved for resentencing. Following a *Crosby* hearing, the trial court concluded that it would not have imposed a materially different sentence and denied defendant's motion for resentencing. This appeal followed.

## II. RESENTENCING

Defendant argues that he is entitled to resentencing because the trial court did not provide adequate justification for his sentences, which defendant characterizes as unreasonable and

---

[3] *People v Rush*, unpublished per curiam opinion of the Court of Appeals, issued April 17, 2014 (Docket No. 316564) ("*Rush I*").

[4] *Rush I*, p 4. This Court rejected defendant's argument that the trial court had abused its discretion by imposing consecutive sentences. *Id*. at 5.

[5] *People v Rush*, unpublished per curiam opinion of the Court of Appeals, issued April 26, 2016 (Docket No. 325194) ("*Rush II*), p 4.

[6] *Rush II*, p 4.

disproportionate departure sentences. We disagree. We review a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989).

Contrary to defendant's characterization, defendant's sentences are not an upward departure from the minimum sentence range of the sentencing guidelines. His minimum prison sentences of 145 months for the first-degree home invasion conviction, and 87 months for the conspiracy conviction, were within the applicable guidelines range of 87 to 145 months. Defendant's characterization of his sentences as an upward departure is based on the premise that the guidelines range should only be 51 to 85 months because the higher range is based on judicial fact-finding, which, according to defendant, cannot be used to score the offense variables. Defendant's premise is incorrect.

In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines violated the Sixth Amendment to the extent that they "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *Id*. at 364. To remedy this deficiency, the Court held that the guidelines are advisory only. *Id*. at 365. Under *Lockridge*, however, trial courts are still required to "continue to consult the applicable guidelines range and take it into account when imposing a sentence," and are permitted to score the OVs using judicially-found facts. *Id*. at 392 n 28. As this Court explained in *People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016),

> [t]he constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a mandatory minimum sentence range, which constitutional violation was remedied in *Lockridge* by making the guidelines *advisory*, not by eliminating judicial fact-finding. [See also *People v Jackson*, 313 Mich App 409, 434; 884 NW2d 297 (2015) (emphasizing that "judicial fact-finding remains an important component of Michigan's sentencing scheme post-*Lockridge*.").]

More recently, in *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017), our Supreme Court reaffirmed its holding in *Lockridge* that "the sentencing guidelines are advisory only." *Id*. at 466. The Court articulated that, "[w]hat made the guidelines unconstitutional, in other words, was the combination of the two mandates of judicial fact-finding and adherence to the guidelines." *Id*. at 467. In this case, the trial court, fully aware of the advisory nature of the sentencing guidelines, did not err by evaluating defendant's sentences using a guidelines range that was based on judicially-found facts.

Because defendant's sentences were not a departure from the appropriate guidelines range, a reasonableness review under *Lockridge* is not warranted. *Lockridge*, 498 Mich at 365, 392. Instead, a sentence that falls within the guidelines range is presumed proportionate and must be affirmed on appeal absent a scoring error or reliance on inaccurate information. MCL 769.34(10); *People v Jackson*, 320 Mich App 514, 527; ___ NW2d ___ (2017) (Docket No. 332307), lv pending; *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016).

Defendant's only remaining argument is that the trial court erred by failing to articulate specific reasons for its decision to deny resentencing. In a *Crosby* remand, if a trial court decides not to resentence the defendant, it must place "an appropriate explanation" for its decision on the record. *Lockridge*, 498 Mich at 398. In this case, the trial court held a hearing that complied with the *Crosby* remand procedure outlined in *Lockridge*. The court acknowledged that the guidelines were "now advisory," and it allowed defendant and his attorney to place their views about resentencing on the record. The court indicated that it had reviewed the presentence investigation report, and it recited the facts of the case. It observed that defendant's sentences were within the advisory guidelines range, and it commented that the nature of the offenses could have actually supported an upward departure. Accordingly, the trial court explained that, having considered defendant's sentences in light of *Lockridge*, it would not have imposed a materially different sentence had it been aware of the advisory nature of the sentencing guidelines. The trial court followed the procedure required by *Lockridge* and it provided an appropriate explanation for its decision not to resentence defendant. Therefore, it did not abuse its discretion by denying defendant's motion for resentencing. *Puckett*, 178 Mich App at 227.

## III. DEFENDANT'S STANDARD 4 BRIEF

In defendant's Standard 4 brief,[7] defendant raises additional issues challenging the sufficiency of the evidence in support of his convictions and the effectiveness of defense counsel's assistance at trial. In *Rush II*, this Court affirmed defendant's convictions and remanded the case to the trial court for the limited purpose of implementing the *Crosby* remand procedure to determine whether defendant should be resentenced.[8] The issues defendant now raises in his Standard 4 brief are outside the scope of this Court's remand order, and accordingly are not reviewable in this appeal. See *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) (the scope of an appeal after a case has been remanded is limited by the scope of the remand); *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) ("where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand"). Accordingly, we decline to consider the issues raised in defendant's Standard 4 brief.

Affirmed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola

---

[7] A supplemental appellate brief filed in propria persona under Supreme Court Administrative Order No. 2004-6, Standard 4.

[8] *Rush II*, p 1, 5.

-4-