# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

VALENTE GEONELLI FAULKS,

Defendant-Appellant.

UNPUBLISHED
April 12, 2018

No. 335607
Wayne Circuit Court
LC No. 14-009007-01-FC

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order, entered after a *Crosby*[1] remand hearing, declining to resentence defendant and thereby reaffirming defendant's original sentence of 30 to 50 years' imprisonment for his conviction of second-degree murder, MCL 750.317, to be served consecutive to a two-year term of imprisonment for his conviction of possession of a firearm during the commission of a felony, MCL 750.227b. We affirm.

Defendant was convicted of murdering the victim, Kevin March, during a block party in Detroit. Evidence at trial indicated that the victim became involved in an argument with defendant's sister, during which the victim called defendant's sister a "bitch." Defendant's sister cautioned the victim not to refer to her as a bitch again, or his "life [is] over." The victim repeated the word and defendant's sister told the victim, "You dead tonight." Defendant's sister then made a phone call in which she reported that the victim had "disrespected" her. Approximately five minutes later, defendant arrived, carrying a gun, and confronted the victim. The victim apologized, but defendant told him it was too late and shot him several times. The victim died from his wounds.

Although defendant was charged with first-degree premeditated murder, MCL 750.316(1)(a), the jury convicted him of the lesser offense of second-degree murder, as well as felony-firearm. The trial court sentenced defendant within the sentencing guidelines range of 225 to 375 months to a prison term of 30 to 50 years, to be served consecutive to a two-year prison term for the felony-firearm conviction. In a prior appeal, this Court affirmed defendant's

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

convictions, "but remand[ed] for a *Crosby*[2] hearing in accordance with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)." *People v Faulks*, unpublished per curiam opinion of the Court of Appeals, issued July 14, 2016 (Docket No. 326759). On remand, the trial court and the parties discussed the parameters of a *Crosby* remand, including that the sentencing guidelines were now only advisory. The trial court declined to resentence defendant, stating, in relevant part:

> [I]n looking at this, and I specifically reviewed the comments that I made at the time of Mr. Faulks's sentencing, I said at that time that the sentence was proportionate to the utterly gratuitous and cold-blooded killing of an unarmed man as a result of some perceived slight to the Defendant's sister. I went on to say that Mr. March's last words were an apology for any such slight but the Defendant shot him anyway.

> I have—I'm going to stick by that decision. I would—had *Lockridge* been decided at that time I would not have imposed a materially different sentence.

We review the trial court's decision to decline to resentence defendant for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). Defendant argues on appeal that he is entitled to resentencing because his sentence for second-degree murder, although within the guidelines range as scored by the trial court, is actually an upward departure from the appropriate guidelines range and is unreasonable. We disagree. Defendant's minimum sentence of 360 months is within the guidelines sentence range of 225 to 375 months. Defendant's contention that his sentence is an upward departure is based on the premise that the guidelines range should only be 162 to 270 months or, at most, 180 to 300 months, because the higher range is based on judicial fact-finding, which defendant maintains should not be used to score the offense variables. However, this premise is flawed.

In *Lockridge*, 498 Mich at 364, our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient, in violation of the Sixth Amendment, to the extent that they "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." To remedy this deficiency, the Court held that the guidelines are advisory only. *Id.* at 365. Under *Lockridge*, however, trial courts are still required to "continue to consult the applicable guidelines range and take it into account when imposing a sentence," and are permitted to score the OVs using judicially found facts. *Id.* at 392 n 28. As this Court explained in *People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016),

> [t]he constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a mandatory minimum

---

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005), cert den 549 US 915; 127 S Ct 260; 166 L Ed 2d 202 (2006).

sentence range. *Lockridge* remedied this constitutional violation by making the guidelines *advisory*, not by eliminating judicial fact-finding.

More recently, in *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017), our Supreme Court reaffirmed its holding in *Lockridge* that the sentencing guidelines are advisory only. *Id*. at 466. The Court articulated that, "[w]hat made the guidelines unconstitutional, in other words, was the combination of the two mandates of judicial fact-finding and adherence to the guidelines." *Id*. at 467. This combination was no longer extant at defendant's Crosby remand hearing. Although defendant's guidelines range was still based in part on judicial fact-finding, the trial court recognized that, under *Lockridge*, the range was only advisory. Therefore, the trial court did not err when it evaluated defendant's sentence using a guidelines range that was based on judicially found facts, given that the court was aware that the guidelines were only advisory.

Because defendant's sentence was not a departure from the appropriate guidelines range, a reasonableness review under *Lockridge* is not warranted. *Lockridge*, 498 Mich at 365, 392. Instead, as defendant acknowledges, a sentence that falls within the guidelines range is presumed proportionate and must be affirmed on appeal absent a scoring error or reliance on inaccurate information. MCL 769.34(10); *People v Jackson*, 320 Mich App 514, 527; ___ NW2d ___ (2017); *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016).

Defendant observes that, on remand, the trial court relied on the previously scored guidelines in declining to resentence him. However, the trial court was not required to re-score the guidelines at a *Crosby* remand hearing. The trial court complied with the procedure required by *Lockridge*, 498 Mich at 398-399, by consulting the parties, allowing defendant and his attorney to place their views about resentencing on the record, and determining whether it would have imposed a materially different sentence knowing that the guidelines were only advisory. The court commented about the "cold-blooded" nature of the killing and expressed its belief that defendant's original sentence, which was within the advisory guidelines range, was reasonable. Accordingly, the court explained, having considered defendant's sentence in light of *Lockridge*, it would not have imposed a materially different sentence. The trial court followed the procedure required by *Lockridge*.

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray