# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEVEN MICHAEL BERG,

Defendant-Appellant.

UNPUBLISHED
April 17, 2018

No. 337094
Saginaw Circuit Court
LC No. 13-039277-FC

Before: O'BRIEN, P.J., and CAVANAGH and STEPHENS, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of four counts of criminal sexual conduct in the first degree (CSC-I), MCL 750.520b; two counts of criminal sexual conduct in the second degree (CSC II), MCL 750.520c; one count of criminal sexual conduct in the third degree (CSC-III), MCL 750.520d; one count of criminal sexual conduct in the fourth degree (CSC-IV), MCL 750.520e; one count of engaging in child sexually abusive activity, MCL 750.145c(2); and two counts of possession of child sexually abusive material, MCL 750.145c(4). Defendant was sentenced as a third habitual offender, MCL 769.11, to concurrent prison terms of 337 months to 60 years for the CSC-I convictions; 200 months to 30 years for the CSC-II convictions; 240 months to 30 years for the CSC-III conviction; 30 months to 4 years for the CSC-IV conviction; 240 months to 40 years for the child sexually abusive activity conviction; and 60 months to 8 years for the possession of child sexually abusive material conviction. We affirmed defendant's convictions,[1] but our Supreme Court reversed in part and remanded to the trial court for a *Crosby*[2] remand.[3] On remand, the trial court issued an order declining to resentence defendant and defendant appeals that order by right. We affirm.

At defendant's original sentencing, his status as a third habitual offender as well as the scoring of his offense variables resulted in a minimum sentencing guidelines range of 135 to 337

---

[1] *People v Berg*, unpublished opinion per curiam of the Court of Appeals, issued November 24, 2015 (Docket No. 321977).

[2] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

[3] *People v Berg*, 499 Mich 925; 878 NW2d 868 (2016).

months for his CSC-I convictions. The trial court sentenced defendant at the top of those guidelines, imposing a minimum sentence of 337 months. On remand, the trial court was instructed by our Supreme Court to determine whether it would have imposed a materially different sentence in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), which made the sentencing guidelines advisory. Defendant submitted a sentencing memorandum urging the court not to rely on judicial fact-finding in calculating his sentencing guidelines. However, the trial court declined to resentence defendant, holding that the same sentences would have been imposed absent the unconstitutional restraint on its discretion and that the sentences were proportionate as originally imposed, i.e., they were proportionate to the circumstances and seriousness of the offense and the background of defendant.

On appeal, defendant argues that the trial court erred by not resentencing him because the 337-month minimum sentence is unreasonably and disproportionately long. We disagree.

We review a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). An abuse of discretion occurred if "the trial court chose an outcome that is outside the range of principled outcomes." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010).

In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines, which required judicial fact-finding in the scoring of the offense variables to create a *mandatory* minimum sentence range—thereby constraining the sentencing court's discretion—violated a defendant's Sixth Amendment right to a jury trial. *Lockridge*, 498 Mich at 364, 373-374, 392. Therefore, the guidelines were rendered advisory only, but trial courts are still required to consult the guidelines and take them into account when imposing sentence. *Id*. at 391. Thereafter, defendants sentenced prior to *Lockridge* who could "demonstrate that their guidelines minimum sentence range was actually constrained" by the mandatory guidelines, and who did not receive an upward departure, could establish "a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Id*. at 395. That is, such defendants were entitled to a *Crosby* remand, as set forth in *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005). A *Crosby* remand requires the trial court to determine whether it would have imposed a "materially different" sentence under a correct understanding of the advisory nature of the guidelines. *Lockridge*, 498 Mich at 397. If the trial court determines that the sentence imposed would not have been materially different, it may reaffirm the original sentence. *Id.*

Here, defendant does not dispute that a proper *Crosby* remand took place and the trial court concluded that it would not have imposed a materially different sentence but for the unconstitutional restraint on its discretion. Nevertheless, defendant argues that the trial court should have concluded that his 337-month minimum sentence was unreasonably and disproportionately long. However, as defendant admits, his 337-month minimum sentence falls within the appropriate sentencing guidelines range and, thus, is not reviewable. More specifically, MCL 769.34(10) mandates that this Court affirm a minimum sentence that is within the appropriate guidelines sentence range unless there was an error in scoring or inaccurate information was relied upon in determining the sentence. And this directive was affirmed post-*Lockridge* in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016).

In *Schrauben*, the defendant argued that because his sentence was calculated using facts not found beyond a reasonable doubt by the jury, his sentence should be reviewed even though it fell within his sentencing guidelines range. *Id.* at 195. This Court rejected the argument and reaffirmed his sentence because it did not depart from the recommended minimum sentencing range and was therefore unreviewable pursuant to MCL 769.34(10). *Id.* at 196. Further, this Court stated, "*Lockridge* did not alter or diminish MCL 769.34(10)[.]" *Id.* at 196 n 1.

Defendant argues that *Schrauben* was wrongly decided, suggesting that this Court should invoke the conflict procedure set forth in MCR 7.215(J). However, we find no basis for disagreement with *Schrauben* on this point. Defendant's argument as to why *Schrauben* was wrong in upholding the constitutionality of MCL 769.34(10) is unpersuasive and rests on the assumption that treating sentencing ranges based on judicial fact-finding as presumptively unreviewable is a constitutional violation post-*Lockridge*. Defendant argues that we should interpret MCL 769.34(10) to permit appellate review of any sentence arrived at through consideration of judicially-found facts and submits that any sentence based on such facts should be treated as a departure sentence subject to review for proportionality. However, judicial fact-finding in calculating sentences has been explicitly confirmed post-*Lockridge* and post-*Schrauben* by this Court in *People v Biddles*, 316 Mich App 148; 896 NW2d 461 (2016), which explained:

> The constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself; it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range. *Lockridge* remedied this constitutional violation by making the guidelines *advisory*, not by eliminating judicial fact-finding. [*Id.* at 158.]

The *Biddles* Court further noted:

> That judicial fact-finding remains a part of the process of calculating the guidelines is evidenced by the *Lockridge* Court's observation that its "holding today does nothing to undercut the requirement that the highest number of points possible *must be* assessed for all OVs, *whether using judge-found facts or not*." *Id.* at 392 n 28 (second emphasis added). This quote from *Lockridge* is consistent and reconcilable with the full *Lockridge* opinion; judicial fact-finding is proper as long as the guidelines are advisory only. [*Id.* at 159 (footnote omitted).]

Therefore, calculating the sentencing guidelines based on judicial fact-finding is not the same as rendering a departure sentence and does not implicate the constitutional mistakes sought to be corrected by *Lockridge*. Accordingly, we need not review defendant's sentence for reasonableness.

However, even if defendant's sentence could be reviewed for reasonableness, he would not be entitled to resentencing. When reviewing a departure sentence for reasonableness, the proper inquiry is whether the trial court abused its discretion by imposing a sentence that violates the principle of proportionality, i.e., by rendering a sentence that is not " 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v*

*Steanhouse*, 500 Mich 453, 459-460, 471; 902 NW2d 327 (2017), quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

In this case, first, defendant's sentence was presumptively proportionate as a matter of law because it was within the sentencing guidelines range. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Second, the trial court explained on remand that it took proportionality into account in reaffirming defendant's sentence. The trial court also reiterated its original rationale for defendant's harsh minimum sentence, including defendant's "repeated abuse of his own daughters over an extended period of time, his use of computer photos to exploit his own perverse sexual interests, and the long-term emotional harm to the children involved (his three daughters)." Therefore, it is apparent that the trial court incorporated the directive of the principle of proportionality and considered both the seriousness of the circumstances surrounding the offense and the offender in rendering the 337-month minimum sentence. See *Steanhouse*, 500 Mich at 459-460.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens