# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

  Plaintiff-Appellee,

v

CORNELIUS WARE,

  Defendant-Appellant.

UNPUBLISHED
June 21, 2018

No. 337903
Wayne Circuit Court
LC No. 14-000562-01-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

  Plaintiff-Appellee,

v

CORNELIUS WARE,

  Defendant-Appellant.

No. 337904
Wayne Circuit Court
LC No. 14-000563-01-FH

---

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order, entered after a *Crosby*[1] remand hearing, denying his request for resentencing and thereby reaffirming defendant's original sentences of 26 to 50 years' imprisonment for each of his convictions of two counts of sending or delivering an explosive substance with the intent to injure a person or destroy property, MCL 750.204(2)(b), two counts of second-degree arson, MCL 750.73(1), two counts of assault with intent to do great bodily harm less than murder, MCL 750.84(1)(a), aggravated stalking, MCL 750.411i(2)(a), and felon in possession of a firearm, MCL 750.224f.[2] We affirm.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] We reject plaintiff's challenge to this Court's jurisdiction. MCR 7.203(A) provides that this Court has jurisdiction of an appeal as of right from a "final order" of the circuit court. MCR

-1-

Defendant's convictions arise from two separate firebombing incidents at his ex-girlfriend's family's home in Highland Park in September 2013. The trial court scored the sentencing guidelines for defendant's conviction of sending or delivering an explosive substance with the intent to injure a person or destroy property, which is a class B offense. MCL 777.16k. The court's scoring decisions resulted in a guidelines range of 117 to 320 months for a fourth-offense habitual offender under the applicable sentencing grid. MCL 777.63; MCL 777.21(3)(c). In a prior appeal, this Court affirmed defendant's convictions, "but remand[ed] to the trial court to determine the need for resentencing as required by *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)." *People v Ware*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2016 (Docket Nos. 323710; 323711).

On remand, defendant filed a motion for resentencing, and the trial court held a hearing. In addition to expressing their views about resentencing, the parties discussed the parameters of a *Crosby* remand, including that the sentencing guidelines were now only advisory. The trial court declined to resentence defendant, stating, in relevant part:

> This was an outrageous case. It was a break-up of a relationship that might in and of itself be sad, but, however, it escalated to the notion of harassing and menacing phone calls that were made, threatening to blow up the house.
>
> And on the date of this particular incident, one of the things that I remember in particular about this case is that there was a small child that was in the house, who certainly was fairly frightened by all of this, as any adult would be in this kind of circumstance.
>
> And I'm also mindful of the fact that if I recall correctly, Mr. Ware had 12 prior convictions. Some point the community needs to be protected from those who over and over and over again commit crimes, particularly the kind of crime here, which as I said was an outrageous threat to not only those in the house, but also any time there is an intentional fire set, it can spread and cause danger to the firefighters who have to come and put out the fire.
>
> There is untold safety concern for the community, not only the direct victims as those are nearby can potentially be put in harm's way.

---

7.202(6)(b)(*iv*) defines a "final order" as including, in a criminal case, "a sentence imposed, *or order entered*, by the trial court following a remand from an appellate court in a prior appeal as of right." (Emphasis added.) In defendant's prior appeal by right, this Court remanded the case to the trial court for further proceedings under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and the trial court resolved that remand order by entering an order denying resentencing. Therefore, the trial court's order denying resentencing qualifies as a final order appealable as of right under MCR 7.202(6)(b)(*iv*). Although plaintiff argues that the issue raised by defendant is not reviewable because it is beyond the scope of the remand order, that question only implicates the scope of this Court's review, it does not affect this Court's jurisdiction over the order appealed.

> If Mr. Ware was before me, given the rescoring of the guidelines, it would be exactly the same sentence.
>
> So consistent with the Court of Appeals and the Supreme Court's directive, my ruling is that there is no necessity for resentencing because there would not be a change in my sentence.

We review a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). Defendant argues on appeal that although his 26-year minimum sentence is within the guidelines range as scored by the trial court, the higher range was improperly based on judicial fact-finding, because the facts used to score OVs 4 and 14 were found by the court and not by a jury. We disagree. Defendant's premise that the trial court was prohibited from considering a guidelines range that was based on judge-found facts is flawed.

In *Lockridge*, 498 Mich at 364, our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient, in violation of the Sixth Amendment, to the extent that they "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." To remedy this deficiency, the Court held that the guidelines are advisory only. *Id.* at 365. Under *Lockridge*, however, trial courts are still required to "continue to consult the applicable guidelines range and take it into account when imposing a sentence," and are permitted to score the OVs using judicially found facts. *Id.* at 392 n 28. As this Court explained in *People v Biddles*, 316 Mich App 148, 158; 896 NW2d 461 (2016),

> [t]he constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself; it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range. *Lockridge* remedied this constitutional violation by making the guidelines *advisory*, not by eliminating judicial fact-finding.

More recently, in *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017), our Supreme Court reaffirmed its holding in *Lockridge* that the sentencing guidelines are advisory only. The Court articulated that, "[w]hat made the guidelines unconstitutional, in other words, was the combination of the two mandates of judicial fact-finding and adherence to the guidelines." *Id*. at 467. This combination was no longer extant at defendant's *Crosby* remand hearing. Although defendant's guidelines range was still based in part on judicial fact-finding, the trial court recognized that, under *Lockridge*, the guidelines range was only advisory. Therefore, the trial court did not err when it evaluated defendant's sentence using a guidelines range that was based on judicially found facts, given that the court was aware that the guidelines were only advisory.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-3-