*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 12, 2019

Plaintiff-Appellee,

v

No. 342996
Wayne Circuit Court
LC No. 14-008075-01-FC

MARY ELAINE WHITE,

Defendant-Appellant.

Before: BORRELLO, P.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant appeals an order denying her motion for resentencing on a *Crosby*[1] remand. We affirm.

## I. BACKGROUND

Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder (GBH), MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. See *People v White*, unpublished per curiam opinion of the Court of Appeals, issued November 29, 2016 (Docket No. 327418), p 1. The trial court sentenced defendant to 23 months to 10 years' imprisonment for the GBH conviction, to be served consecutively to five years' imprisonment for the felony-firearm conviction. See *id*.

Defendant's convictions relate to her actions during an altercation that involved defendant, defendant's brother, and defendant's boyfriend. The underlying facts were described in this Court's prior opinion:

> The charges and convictions in this case stem from the shooting of [defendant]'s boyfriend. There was evidence that [defendant]'s boyfriend hit

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[defendant] in the face after an argument outside their house, that [defendant] then left the scene, that [defendant] returned to the house within about five to ten minutes, that REW, who is [defendant]'s brother, also arrived at the house, that the boyfriend locked himself inside the house and stood by the door as both defendants stood outside the door verbalizing their intent to harm the boyfriend, that the boyfriend started to call 911, and that, with [defendant]'s boisterous approval, REW then fired numerous gunshots through the door, striking the boyfriend. [*Id*. at 2.]

Defendant appealed and this Court affirmed defendant's convictions, but remanded for a *Crosby* proceeding under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). See *White*, unpub op at 1. On remand, the trial court declined to resentence defendant, and she now appeals.

## II. ANALYSIS

Defendant argues that she is entitled to resentencing because the trial court did not provide an adequate explanation for the sentence imposed. In particular, defendant argues that not only did the trial court fail to provide an adequate explanation, her guidelines minimum sentence range was reduced to 0 to 17 months' imprisonment for the GBH conviction, and therefore, her minimum sentence of 23 months' imprisonment constituted an unreasonable and disproportionate departure from the guidelines minimum sentence range. We disagree.

This Court reviews a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). An abuse of discretion occurs when a trial court's decision "falls outside the range of reasonable and principled outcomes." *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017) (quotation marks and citation omitted).

At a *Crosby* hearing, the trial court must determine whether it would have "imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich at 397. If the trial court determines that the sentence would have been materially different than originally imposed, the trial court must vacate the sentence and resentence the defendant. *Id*. at 397-398. If, however, the trial court concludes that the sentence would have been essentially the same as originally imposed, the trial court must "place on the record a decision not to resentence, with an appropriate explanation." *Id*. at 398 (quotation marks and citation omitted). In determining whether it would have imposed a materially different sentence but for the unconstitutional constraint, the trial court should consider "only the circumstances existing at the time of the original sentence." *Id*. (quotation marks and citation omitted).

In this case, a *Crosby* hearing was held and the trial court concluded that defendant's original sentence would have remained the same absent the unconstitutional restraint. The trial court weighed heavily the factual similarity between defendant's current offense and a prior offense:

At some point, I did – I was told some of the circumstances of the previous incident and it was similar. And I believe that was part of the reason why they were charging the conspiracy to commit murder and that was part of the

arguments that the People were making was that in that case where she was charged with murder it was a similar set of circumstances where she got ticked off at a bar, went and got a man, came back to the bar and that man ended up shooting this person. And it was a strikingly similar set of circumstances to this case where there was an incident with her boyfriend, and I'm not condoning what her boyfriend did to her, but she left and then came back with her brother this time and her brother attacked her boyfriend and she was egging on her boyfriend [sic] during the attack.

There were several witnesses who testified that she was telling – saying "F him, kill him, shoot him," encouraging her brother to shoot and kill her boyfriend who was hiding behind the door of their home. And while she may have been enraged by what he – by his having hit her and struck her during the incident that happened preceding this, and I believe the jury took that into account in finding her guilty of GBH and not AWIM and finding that there was a possibly heat of passion going on in this incident, it was still very serious and she dragged her brother into this incident.

After noting the similarities between the two offenses, the trial court then moved onto its decision whether to resentence defendant:

[G]iven all the information in this case and given the information I had at the time of the sentencing, I believe the 23 months at the low end of the – or the top end of the guidelines, but for the low end of the sentence, was an appropriate sentence given the circumstances of the case, given her past history and I don't believe my sentence would have been different had the guidelines been scored differently. I believe I probably would have exceeded the guidelines if I had been faced with zero to 17 months as the guidelines at the time sentencing, because I don't believe that the guidelines truly reflected the seriousness of her actions in egging on her brother and dragging her brother into this situation. And that was – I believe that my sentence of 23 months would remain.

Thus, the trial court denied defendant's request for resentencing.

Defendant argues that her sentence of 23 months to 10 years' imprisonment was an unreasonable and disproportionate departure sentence. However, the trial court did not conclude that OV 3 was improperly scored affecting the guidelines minimum sentence range, and a sentence of 23 months to 10 years' imprisonment did not constitute a departure from the guidelines range. Therefore, the trial court did not err when it declined to address the reasonableness and proportionality of defendant's sentence for GBH. See *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) (concluding that "where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand"). The purpose of the remand was to conduct a *Crosby* hearing, i.e., for the trial court to determine whether it would have imposed a materially different sentence under the advisory nature of the sentencing guidelines. See *Lockridge*, 498 Mich at 397; *White*, unpub op at 1, 7. The trial court

did not address, and was not required to address, the scoring of the OVs or the reasonableness of defendant's sentence at the *Crosby* hearing. This appeal is limited to the scope of the remand.

With that said, defendant also argues that the trial court failed to provide an adequate explanation for the sentence imposed. We disagree.

In denying defendant's motion for resentencing, the trial court stated that it would have imposed the same sentence but for the pre-*Lockridge* mandatory guidelines. The trial court provided an explanation for its decision clearly showing that it considered the facts of the case, the presentence investigation report, the attorney's arguments, and the record of the original sentencing hearing. The trial court found that defendant deserved to be sentenced at the top of the guidelines range due to the similarities of her current and past offenses, as well as the severe nature of the crime itself. Therefore, the trial court sufficiently explained its decision not to resentence defendant and did not abuse its discretion by denying defendant's motion for resentencing.

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron